*A. A. Hammond, C. Fletcher*, and *O. Butler*, for the state.

———

Ham *v.* The State, on the Relation of Williams.
Royston *v.* The State, on the Relation of Dunbar.
The State, on the Relation of Herod, *v.* Ruddick.

A county treasurer holds his office for three years from the time of his election, and until his successor is elected and qualified.

If two statutes be inconsistent with each other, the last one must govern.

Under the statute of 1843, requiring the county treasurer to give bond on or before the 12th of *August*, &c., the county commissioners may approve of the bond before or at their first session thereafter.

ERROR. The first-named case was from the *Wayne* Circuit Court; the second, from the *Vanderburgh* Circuit Court; and the third, from the *Bartholomew* Circuit Court.

Sullivan, J.—Informations were filed in each of the foregoing cases in the nature of writs of *quo warranto*, alleging that the defendants unlawfully held and exercised in their respective counties, the office of county treasurer; that the relators were entitled to the office; and praying the judgment of the Court, &c.

The facts stated in each of the records before us are substantially the same, and are as follows, viz.: The defendants were elected treasurers of their respective counties on the first *Monday* of *August*, 1841, were duly qualified, and entered upon the duties of their office. On the first *Monday* of *August*, 1844, the relators were elected their successors, and, having given bond, and taken the oath prescribed by the statute, insist that they are, in fact and in law, the treasurers

of their respective counties.  The defendants resist the claim, alleging that they are, by law, entitled to hold until the first *Monday* of *March* next.  In the cases of *Ham* v. *The State*, &c., and *Royston* v. *The State*, &c., the Circuit Courts decided in favour of the relators.  In the case of *The State*, &c. v. *Ruddick*, the judgment of the Circuit Court was in favour of the defendant.

The relators and the defendants found their claims to the offices on positive statutory enactments, which are plainly inconsistent with each other.  By the 18th sect., 2d art., 4th chap., of the revised statutes, p. 98, it is enacted, "that the county treasurer for each county shall hold his office for the term of three years from and after *the first Monday of March next succeeding his election*, and until his successor is elected and qualified."  By the 70th sect., 4th art., 7th chap., of the same revision, p. 192, it is provided, that "the county treasurer shall hold his office for the term of three years *from the time of his election*, and until his successor is chosen and qualified."  It therefore devolves upon this Court to ascertain the will of the legislature, and determine which of the foregoing statutes regulates the tenure of the treasurer's office.

In 1841, when the defendants were elected, the tenure of their office, as regulated by the law then in force, was for three years, and until their successors were elected and qualified.  The two statutes above referred to were enacted in 1843, and at the same session of the general assembly. The effect of the first recited statute was to extend the term of office about seven months beyond the time for which the incumbent was elected: the object of the second statute was to restore it, or limit it, to the period prescribed by the act of 1841.  The statutes being inconsistent, they cannot stand together; and, in determining which is the law of the land, we know of no other rule of construction than that the last expressed will of the legislature must prevail.  Adopting this rule then as our guide, our opinion is that the will of the legislature, as last expressed on this subject, is contained in the 70th sect., 4th art., 7th chap., above referred to, and that the term for which the defendants were elected, ceased so soon as the relators were qualified to enter on their offices respectively.

It is urged as an objection to this view of the law, that it conflicts with other provisions of the statute, as, for example, that the treasurer elect shall enter into bond on or before the 12th day of *August* next after his election, and that his bond shall be approved by the county commissioners. The defendants say that the last-named requisitions of the statute cannot be complied with, because the treasurer elect cannot receive a certificate of his election by the day named; nor is there any law authorizing the commissioners to meet on that day to approve the bond.

We perceive the difficulty suggested by the defendants, but we do not perceive how it affects the construction we have given to the law. On either construction, the same difficulty exists. Whether the treasurer holds his office for three years *from and after the first Monday of March* next after his election, or for three years *from the time of his election;* the mode and manner of qualification are the same. It is not necessary, therefore, to support the construction we have given to the statutes, by reconciling those requisitions with it. It may be proper however to say, that when the language of a statute is ambiguous, or the words repugnant, the Court will seek to find out the intention of the legislature, and to give it effect. No statute shall be interpreted, say the authorities, so as to be inconvenient and against reason. We feel authorized to conclude, therefore, that the law requiring the treasurer to enter into a bond, on or before the 12th day of *August*, to be approved by the county commissioners, confers a power on the commissioners to hold a meeting for that purpose if they shall think proper to do so; and if not, that an acceptance of the bond at their first meeting thereafter would be a compliance with the spirit of the law.

*Per Curiam.*—The judgments in the first two cases are affirmed with costs. The judgment in the last is reversed with costs, and the cause remanded, &c.

*C. H. Test*, for the plaintiff, and *J. S. Newman* and *J. Perry*, for the defendant, in the first case.

*J. Lockhart*, for the plaintiff, and *J. Pitcher* and *C. Baker*, for the defendant, in the second case.

*A. A. Hammond*, for the plaintiff, and *H. Brown*, for the defendant, in the last case.