ELLIS
v.
THE STATE.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. H. Test*, for the appellant.

*J. S. Newman*, for the appellee.

♦                        ELLIS *v.* THE STATE.

On the trial of an indictment for establishing a noxious trade, near certain dwellings, &c., the defendant may prove in bar of the prosecution, under the general issue, that the dwelling-house in the vicinity of the place, &c., was built after the establishment of the alleged nuisance.

*Thursday, December 4.*

ERROR to the *Tippecanoe* Circuit Court.

SULLIVAN, J.—Indictment for erecting a nuisance. The charge is that the defendant, on, &c., at, &c., near to a certain public highway, and to the dwellings of divers citizens there situate, did erect and put up a certain building for the purpose of steaming the entrails and other offal of hogs; and that he did erect and place in said building divers furnaces, &c., for the purpose of steaming and boiling said entrails, &c., and did, on, &c., unlawfully boil and cause and procure to be boiled, in and by said furnaces, large quantities of the entrails of hogs, &c.; by reason whereof divers noisome and unwholesome smells, &c., were emitted, so that the air became impregnated therewith, and was greatly corrupted, &c., to the damage, &c. Plea, not guilty. Jury, and verdict of guilty. Motions for a new trial, and in arrest of judgment, were successively overruled, and judgment was rendered on the verdict.

The motion in arrest of judgment was founded on a supposed defect in the indictment, but we think the objection urged does not exist.

At the trial, one *James Hoagland* was introduced as a witness by the plaintiff, who swore that the dwelling-house of said *Hoagland* was in the immediate vicinity of said nuisance, &c.; the defendant offered to prove by said *Hoagland*, on the cross-examination, in bar of the prosecution, that he, *Hoag-*

*land*, had erected his dwelling-house since the erection of the alleged nuisance, but the Court refused to permit the evidence to go to the jury except in mitigation of damages; to which opinion of the Court the defendant excepted. The Court erred in not permitting the evidence to go to the jury as a full defence against the charge in the indictment. The case of *Rex* v. *Cross*, 2 Carr. & Payne, 483, is in point. In that case the Court say,—"If a certain noxious trade is already established in a place remote from habitations and public roads, and persons afterwards come and build houses within the reach of its noxious effects; or if a public road be made so near to it that the carrying on of the trade becomes a nuisance to the persons using the road; in those cases the party would be entitled to continue his trade, because his trade was legal before the erection of the houses in the one case, and the making of the road in the other."

- The Court erred in refusing the testimony for the purpose for which it was offered (1.)

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*Z. Baird*, for the plaintiff.

*A. A. Hammond* and *S. Major*, for the state.

---

(1) In a late civil suit for a nuisance, the declaration alleged that the defendant injuriously carried on, in messuages contiguous to the messuage of the plaintiff, the trade and business of a candlemaker, by which noxious vapours and smells proceeded from the defendant's messuage and diffused themselves over the messuage of the plaintiff. The defence was, that the defendant had carried on the business *for three years before the plaintiff became possessed of the messuage he inhabited*. *Tindal*, C. J., said the defence was insufficient, for the plaintiff came to the house he occupied with all the rights which the common law affords, and one of them is, a right to wholesome air; and that unless the defendant could show a prescriptive right to carry on his business in the particular place, the plaintiff was entitled to judgment. The plaintiff recovered. *Bliss* v. *Hall*, 4 Bingh. N. C. 183.

So, in case for a nuisance from the noise of hammering in workshops near the plaintiff's dwelling-house, the defendant pleaded that he had been possessed of his shops *ten years before the plaintiff was possessed of the term in his house*, and that he had always during that time made the noise in question, which was necessary for carrying on his trade. The plea was held bad; the Court intimating that the defendant should at least have alleged a holding of twenty years' duration. *Elliotson* v. *Feetham*, 2 Bingh. N. C. 134.