Nov. Term, 1850.

THE STATE
v.
MISKIMMONS.

---

THE STATE *v.* MISKIMMONS.

The making of a fence across a public highway, is a public nuisance, and is indictable under the R. S. of 1843, p. 974.

If two statutes be inconsistent with each other, the last must govern.

Tuesday, February 4, 1851.

ERROR to the *Bartholomew* Circuit Court.

BLACKFORD, J.—This was an indictment charging that the defendant, *Miskimmons*, on the 2d of *February*, 1848, at the county of *Bartholomew*, did unlawfully erect a com-

mon nuisance, by constructing a fence across a certain highway, &c.

The Court, on motion of the defendant, quashed the indictment.

The only question involved in this case is, whether the offence charged is indictable?

The offence is a public nuisance and indictable at common law. 1 Hawk. P. C. 112.—4 Blacks. 167. We have a statute which enacts that if any person shall obstruct any public road or way unnecessarily, and to the hindrance of passengers, he shall forfeit a sum not exceeding ten dollars, to be recovered by the supervisor in an action of debt before any justice of the peace, for the use of the highways and bridges within the district. R. S. 1843, p. 342. There is a subsequent provision in the same Revised Statutes as follows: "Every person who shall erect, or continue and maintain, any public nuisance, to the injury of all or any part of the citizens of this state, shall be fined in any sum not exceeding 100 dollars." R. S. 1843, p. 974. The making of a fence across a highway, being a public nuisance, is embraced by the last named statute. There are, therefore, two statutory provisions against the offence now in question. It is not necessary to decide whether or not these two provisions can both be considered in force. For, admitting that they cannot, then the act making the offence indictable, being the last act on the subject, must prevail. *Ham* v. *The State*, 7 Blackf. 314.

We think, therefore, that the indictment under consideration should not have been quashed.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the motion to quash the indictment set aside with costs. Cause remanded, &c. Costs here.

*J. Dumont*, for the state.

*W. Herod*, for the defendant.