Nov. Term,
1853.

THE STATE
v.
PHIPPS.

</div>

---

## THE STATE *v.* PHIPPS.

The backing of water over a public highway to the injury and annoyance
  of the public, by the erection of a mill-dam, is a common nuisance.

An indictment will lie for maintaining such a nuisance.

To an indictment for maintaining such nuisance, it is no defence, under
  the R. S. 1843, that the defendant may have acquired a right, by virtue
  of a writ of *ad quod damnum*, to the use of the land of individuals on
  which the highway runs, for the purpose of flowing the water upon the
  land.

Neither is a prescription from a twenty years' continuance of the nuisance,
  a defence.

ERROR to the *Owen* Circuit Court.

ROACHE, J.—Indictment against the defendant for erect-
ing and maintaining a public and common nuisance.
The charge is, that the defendant built a mill-dam across
*Rattle-Snake* creek, in the county of *Owen*, and thereby
overflowed a public highway, whereby the latter was ob-
structed, to the great damage, injury, and common and
public nuisance, &c.

The Circuit Court quashed the indictment.

That such an obstruction of a public highway is a com-
mon nuisance there can be no question.   1 Hawk. P. C.

<div style="text-align:right">

*Friday,
December* 16.

</div>

Nov. Term, 1853.

—4 Blacks. Com. 167.—*The State* v. *Miskimmons*, 2 Ind. R. 440.

The fact that the defendant may have had his writ of *ad quod damnum*, and acquired a right to the use of the land of individuals for the purpose of flowing the water upon it, is no defence to the indictment. See R. S. 1843, p. 974, s. 66. Nor would even a prescription from a twenty years' continuance of the nuisance be of any avail to him. *Mills* v. *Hall*, 9 Wend. 315.

For such a nuisance, the party is liable to be indicted. See *The State* v. *Virt*, 3 Ind. R. 447.

The defendant has not thought proper to inform us by a brief what are the grounds of his objection to the indictment—the points embraced in this opinion being those discussed by the counsel for the state.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Riley*, *N. B. Taylor* and *J. Coburn*, for the state.