KALBRIER v. LEONARD.

CITY.—*Street Improvement.*—*Appeal from Precept.*—Appeal from a precept issued for the collection of an assessment for the construction of a plank walk in the city of Mt. Vernon, under a contract with said city. Answer, that the defendant was then, and for ten years past had been, the owner of a tract of land of more than ten acres in one body, lying within the limits of said city

| 34 | 497 |
| 126 | 403 |
| 34 | 497 |
| 131 | 111 |

and used by him for agricultural purposes only, and that said tract of land had never been laid off into lots, and was not subject to be taxed for city purposes of any kind; that said city within the last ten years, without the consent of defendant, had laid out a street through and across said land; and that said sidewalk, caused to be laid down by the city, the cost of which is charged against the defendant and his property, is laid on the west side of said street where the same crosses the land of defendant.

*Held*, that the answer was bad on demurrer.

SAME.—*Presumption.*—In such case it will be presumed that such street was legally laid out and opened, and that if the land-owner was damaged thereby, and claimed compensation, he received it.

SAME.—*Tax.*—*Statute Construed.*—The provision of section 58 of the general act of 1867 for the incorporation of cities, "that no more than five acres of farming land shall be subject to taxation within such city," does not apply to assessments for improvements of streets and sidewalks.

SAME.—*Judicial Notice.*—*Mt. Vernon.*—It seems that perhaps the Supreme Court may judicially know that Mt. Vernon is a city of less than ten thousand inhabitants.

APPEAL from the Posey Common Pleas.

DOWNEY, J.—The appellee was the owner of a tract of land of ten or more acres within the corporate limits of the city of Mt. Vernon. The city council, without the consent of Leonard, opened a street through it, and some years afterwards, on one side of the street, ordered the construction of a plank walk, which Leonard having refused to construct, was done under contract with the city by the appellant. The cost of its construction was charged against the land of Leonard, and a precept issued for its collection. Leonard appealed to the common pleas, where he answered, first, that he was then, and for ten years past had been, the owner of a tract of land of more than ten acres in a body, lying within the limits of said city of Mt. Vernon, and used by him for agricultural purposes only; that said tract of land had never been laid off into lots, and was not subject to be taxed for city purposes of any kind; that said city within the last ten years, without the consent of said defendant, has laid out a street through and across said land; and that the four hundred and one feet of the sidewalk caused to be made and laid down by the city, the cost of which is charged against the defendant and his property, are laid on the west side of·

said street, where the same crosses the land of said defendant, wherefore, &c.; second, the general denial.

There was a demurrer by the appellant to the first paragraph of the answer, which was overruled, and an exception properly taken. The appellant failing to reply, there was final judgment for the appellee.

In the common pleas, the appeal was docketed, and the pleadings filed, in the name of the city against the appellee; but the parties, by agreement indorsed on the transcript, correct that mistake, and agree that the case shall be treated as a case by Henry Kalbrier, the contractor, against the appellee.

The only error assigned is the overruling of the demurrer to the first paragraph of the answer.

As to the allegation in this paragraph of the answer, that the city had, within the last ten years, laid out a street through the premises, without the consent of the appellee, we do not see how it can affect the question. We must presume that the street was legally laid out and opened, and that if the appellee was damaged thereby, and claimed compensation, he received it. 3 Ind. Stat. 94, sec. 61, *et seq.*

It is urged by the appellee, that the land was not subject to taxation, and we are referred to section 58 of the same statute, and particularly to that part which says, "that no more than five acres of farming land shall be subject to taxation within such city." But we think it very evident that none of the provisions of this section apply to assessments for improvements of streets and sidewalks. The tax contemplated by that section is "for general purposes," and the limitation of the tax to an amount "not more than one per centum" cannot, by any possibility, apply to the assessments provided for in section sixty-eight for the improvement of streets and sidewalks.

Assuming that Mt. Vernon is a city of less than ten thousand inhabitants, which possibly may be within the range of our judicial knowledge, though of this we are not quite certain, it seems to us that that part of section sixty-eight em-

braced in the first proviso meets this case with reference to the power of the city to charge the improvement on the land. It is as follows : "*provided,* that any incorporated city having a population less than ten thousand, may, by a two-thirds vote of all the members of the common council, cause plank or gravel walks, of such dimensions as such council shall determine, to be constructed, either upon the natural grade of the sidewalks therein, or any modification thereof established by such council, and the costs and expenses of any such improvements or repairs thereto shall be a lien upon the real estate fronting thereon, and shall be assessed and collected in the same manner as now prescribed by law for collecting assessments for improving streets, alleys, and sidewalks."

Though the former part of the section speaks only of lots and parts of lots, it will be observed that the part of the section having reference to the construction of plank or gravel sidewalks, above quoted, uses the term "real estate." Then section seventy-one says, "In case any of the owners of lots or *parcels of ground* on which such assessments have been made shall fail or refuse to pay," &c.; still carrying out the idea that these assessments are not necessarily confined to lots and parts of lots.

Counsel for the appellee discuss several questions with reference to the regularity of the proceedings resulting in the assessment and issuing of the precept. But we do not think it necessary to decide these questions, as the case will hardly present itself again in the court below in the same form as before.

It may be well enough, however, to remark that many of the objections to a proceeding of this kind can only be made by injunction, before the making of the improvement. 3. Ind. Stat. 102 and 103; *Palmer* v. *Stumph,* 29 Ind. 329; *Hellenkamp* v. *The City of Lafayette,* 30 Ind. 192.

Judgment reversed, with costs, and cause remanded, with with instructions to sustain the demurrer.

*W. Harrow* and *W. M. Hoggatt,* for appellant.

*J. & H. C. Pitcher,* for appellee.