## THE FIRST PRESBYTERIAN CHURCH *v.* THE CITY OF LAFAYETTE.

CITY.—*Appeal from Precept.*—*Parties.*—On an appeal from a precept issued to enforce the collection of an assessment for the improvement of a street, the contractor who did the work, and for whose benefit the precept issued, is the proper party plaintiff.

SAME.—*Appeal Bond.*—The appeal bond in such case should be made payable to the contractor, and not to the city.

SAME.—*Judgment.*—*Amendment.*—*Complaint.*—Where, in such an action, the city appears as the party plaintiff, and the cause is allowed to proceed to final

judgment without objection, and the court in the judgment orders the money when collected to be paid to the contractor, the judgment will be substantially a judgment in favor of the contractor, and the Supreme Court will deem the complaint to have been amended by making him the plaintiff.

JUDGMENT.—*Objections to Judgment.*—Where no objection has been made in the court below to the form of a judgment, objections first made in the Supreme Court will not prevail.

APPEAL from the Tippecanoe Common Pleas.

WORDEN, J. — The city of Lafayette, by her common council, directed a certain street improvement to be made.

The contract was let to P. S. Underhill, who did the work in accordance therewith, and a final assessment was made in his favor upon the property holders adjoining the street. The appellant was assessed $462.10 for the east half of lot 128, being 77 feet upon the street. The assessment to the appellant was made in the following abbreviated name, viz.: " First Pres. Ch."

The assessment not being paid, a precept was duly issued against the appellant, from which she took an appeal to the court of common pleas. The appeal bond entered into by the appellant was made payable to the city of Lafayette, instead of Underhill, the contractor. No objection, however, appears to have been made on this ground, and the cause was docketed in the name of the City of Lafayette, as plaintiff, against The First Presbyterian Church, as defendant.

The appellant herein appeared in the court below and submitted to a rule to answer, and after the continuance of the cause for several terms, finally declined to answer, and judgment was taken against her for want of such answer. The judgment directs the sale of the " east end," instead of the " east half," of the lot described, for the payment of the assessment, and directs further, that the money when collected be paid to P. S. Underhill, the contractor who did the work.

No objection or exception whatever was taken to any of the proceedings below. The appellant, however, prayed an appeal to this court, which was granted; and she has assigned the following errors.

" 1st. The appellee has no interest whatever in the subject-matter of the suit, and is not the real party in interest, and no judgment should have been rendered in her favor.

" 2d. The complaint does not state facts sufficient to entitle the appellee to the relief demanded, and the said court erred in rendering judgment thereon.

" 3d. The judgment rendered by the court is illegal and void, because the record thereof contains no sufficient description of any property subject to be affected thereby."

The first and second errors assigned may be considered together, as they raise substantially the same question. Doubtless the complaint does not state facts sufficient to entitle the city to recover, nor is she the real party in interest. The contractor, Underhill, who did the work, in whose name as contractor and for whose benefit the precept issued, was undoubtedly the proper party plaintiff, and he should have been named as such upon the record. Excepting the abbreviated name in which the assessment was made, in which we see nothing objectionable, and the assumed insufficiency in the description of the part of the lot, it is not claimed that the facts alleged in the record are not sufficient to entitle the contractor to maintain the action. We are led to inquire how it came that the cause was docketed and tried in the name of the city of Lafayette as plaintiff, instead of the contractor, as far as we can do so from the record.

The appeal bond entered into on the appeal from the precept was made payable to the city of Lafayette. This was wrong. It should have been made payable to the contractor in whose favor the precept issued. Thus it will be seen that the first wrong step was taken by the appellant herein. The appeal might have been dismissed unless a proper bond had been filed. The cause was then docketed as between the parties indicated by the appeal bond. We suppose that neither the parties nor the court considered the question whether the city or the contractor should be named as the party plaintiff, as no question in that respect was made in the court below. Had a demurrer been filed pointing out

that the city was not a proper party plaintiff, or that the record of the proceedings of the common council which constituted the complaint did not state facts sufficient, etc., the objection could easily have been obviated by docketing the cause in the name of the contractor as plaintiff, which would doubtless have been done in the first instance had the appeal bond been made payable to him. Nothing of this kind was done, however, and the cause was allowed to proceed to final judgment, without objection of any kind, in the name of the city as plaintiff.

The court, in the final judgment, as we have seen, ordered the money when collected to be paid to Underhill, the contractor. This rendered the judgment substantially a judgment in his favor, though nominally in favor of the city. The entitling of the cause could have been amended at any time during the pendency of the proceedings, so as to have made Underhill the nominal as well as the real plaintiff. We deem the amendment to have been made. The following statutory provision precludes a reversal of the judgment by reason of anything specified in the first or second assignments of error:

"No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court for any defect in form, variance or imperfections, contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended by the court below; but such defects shall be deemed to be amended in the Supreme Court; nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." 2 G. & H. 278, sec. 580.

There is nothing in the third assignment of error. The property is clearly and amply described in the assessment. It is described as the east half of lot 128, with 77 feet bordering on the street. We may perhaps infer that the lot lies lengthwise with the street, as the judgment directs the sale of the east end of the lot instead of the east half

## MAY TERM, 1873. 119

---

The Cleveland, Columbus, Cincinnati, and Indianapolis R. R. Co. *v.* Swift.

thereof. Without intimating any opinion whether the description of the premises in the judgment would be sufficient or otherwise, we are of opinion that no objection to the judgment can be made here for the first time. Objection should have been made to the judgment in the court below; and not having been made there, it cannot prevail here. *Miles* v. *Buchanan,* 36 Ind. 490.

The judgment below is affirmed, with costs.

*R. P. Davidson,* for appellant.