## THE CORPORATION OF BLUFFTON ET AL. *v.* SILVER.

TOWN.— *Writ of Prohibition.—Action to Prohibit the Execution of Contract for a Sidewalk.*—A writ of prohibition will not lie, at the suit of a property-holder of an incorporated town, to prevent the execution of a contract let by such town to a contractor, to construct a sidewalk along and upon the real property of the plaintiff.

SAME.— *Jurisdiction.*—Such proceeding would only be proper, if at all, in such matter, to prevent the making of such contract, for want of jurisdiction.

SAME.— *Injunction.*—The proper remedy in such case is by injunction.

SAME.— *Improving Farming Lands.*—The fact that more than twenty acres of such real property is used only for farming purposes is no ground for prohibiting the execution of such contract.

The Corporation of Bluffton *et al. v.* Silver.

SAME.—*Intention of Owner to Improve his Property.—Notice.*—The fact that the property-holder was, at the time of the passage of the ordinance requiring its construction, about to construct a sidewalk of a different kind from that required by the ordinance, but of which the town is not alleged to have had notice, is not ground for prohibiting the execution of such contract.

SAME.—*Grade Lines.—Pleading.*—An allegation in the complaint, that the plaintiff " ought not to be required to construct a sidewalk as aforesaid, because the defendant has not established grade lines, or set grade stakes, to guide in the construction of the sidewalk," is not sufficient ground for prohibition or injunction.

SAME.—*Presumption.*—Where it is not denied by the complaint, that such town had adopted all necessary ordinances for the construction of sidewalks as by law she might, the presumption is that such ordinances have been duly adopted.

SAME.—*Necessity.*—The allegation that there was no necessity for the construction of a sidewalk different from that which the plaintiff alleges he was about to construct, is not ground for interfering with the execution of such contract.

From the Wells Circuit Court.

*J. S. Dailey, L. Mock* and *A. N. Martin,* for appellants.

*N. Burwell* and *J. J. Todd,* for appellee.

PERKINS, J.—On the 5th day of October, 1875, Joseph C. Silver filed a complaint, as follows, for a writ of prohibition :

"Joseph C. Silver, being duly sworn, on his oath says, that he is a citizen and tax-payer of the town of Bluffton, county of Wells, and State of Indiana, and that he is the owner of twenty-three and sixty-five hundredths acres of land adjoining to the south-east part of the original plat of the town of Bluffton, and within the limits of the corporation of said town, as enlarged by amendments made to the act incorporating said town, approved February 15th, 1873. As Main street of said town is extended south from said original plat, the said body of land lies east, and for a distance of five hundred and seventy-one (571) feet along said street, adjoining thereto. Affiant says that there is no person living on said property but himself and fam-

ily, and that a portion of said land is used by affiant for general farming purposes, and a portion for fruits and garden. Affiant says, that a long while ago, to wit, two years ago, he hauled and deposited along the west side of his said property, adjoining said Main street, as aforesaid, a large quantity of broken stones, taken from the bed of the Wabash river, suitable, in kind and quality, to make a substantial and durable sidewalk, the whole distance of five hundred and seventy-one feet, on said Main street, which said stones, affiant says, he intended, and still intends, if allowed, to break and spread in a suitable manner to make a good sidewalk as aforesaid; said material for said sidewalk, affiant says, is as durable as brick and better and more durable than wood, and in every way suited to the property and comfort and convenience of all persons who would have occasion to use the same. Affiant says, that, notwithstanding the facts as alleged heretofore, the defendant, through her council, did, on the 23d day of April, 1875, enact an ordinance, a copy of which is filed herewith, as affiant believes wrongfully and oppressively, requiring said affiant to construct a sidewalk on the east side of said Main street, along the line of his said property as aforesaid, to be finished by the 1st day of August, 1875, said sidewalk to be located as required by section 4, chapter 18, and of the dimensions required by section 3 of chapter 12 of the revised ordinances of the corporation of Bluffton, said sidewalk to be eight feet and six inches wide. This ordinance to be enforced according to section 2 of chapter 12 of the revised ordinances of the corporation of Bluffton.

" Affiant says he ought not to be required to construct a sidewalk, as aforesaid, for the reason that said defendant has not established grade lines, or set any grade stakes, to guide in the proper construction of said walk, which affiant thinks defendant is in duty bound to do, before requiring him to construct a sidewalk as aforesaid.

" Affiant further says, there is no demand or public ne-cessity at this time for the construction of any other or different walk than the one said affiant has prepared himself to make, as aforesaid, but, notwithstanding all this, the defendant, on the 24th day of September, 1875, over the objection and against the protest of affiant, did proceed to offer for sale, and did sell out, the construction of said walk to Henry Fisher. Said defendant, in making said sale, pretended to do so in pursuance to a notice, a copy of which is attached hereto and made a part hereof, which said notice does not specify the kind of a sidewalk, or the kind of material out of which it shall be con-structed, but, since the said sale, said Fisher is now pro-ceeding to construct a sidewalk of plank, and is making it and putting it over and on the stone material prepared for a walk by affiant, as aforesaid, to his great damage and annoyance.

" Affiant asks for a writ prohibiting said defendant and said Fisher from proceeding further in the construction of said walk, and in paying for the same, until the questions herein may be tried."

A demurrer to the complaint, for want of facts to consti-tute a cause of action for a writ of prohibition, was over-ruled, and exception reserved.

An issue was formed, tried, and a perpetual injunction entered upon the completion of said contract by said Fisher.

On appeal to this court, the overruling of the demurrer is assigned as one of the errors committed below.

We will, at this point, consider said assignment of error; for, if it is a true assignment, it will be unnecessary to consider any other question raised in the cause.

The appellee has furnished no brief in support of the decision below. This suit, as we have said, was commenced on the 5th day of October, 1875, to obtain a writ of prohi-

bition upon the completion of the contract mentioned between said Bluffton and Fisher. And the question presented is, is any legal reason shown in the complaint why that contract should not be executed?

Before proceeding to answer this question, it may be properly observed that no case was made for the issuance of a writ of prohibition. The town council had full jurisdiction in the premises. *The Board of Commissioners of Jasper County* v. *Spitler*, 13 Ind. 235; 2 Dillon Municipal Corporations, sec. 744. Prohibition, if proper in the case at all, should have been obtained to prevent the making of the contract, for want of jurisdiction, not the execution of it, after it had been made. Injunction was the proper remedy to which to resort, if there was occasion for any. See, as to writs of injunction and prohibition, 2 R. S. 1876, pp. 93 and 298.

The fact that the parcel of land along which the sidewalk was to be constructed contained over twenty acres, and was cultivated for farming purposes, was no ground for restraining the action of the council; it did not make that action illegal. *Ball* v. *Balfe*, 41 Ind. 221; *The First Presbyterian Church* v. *The City of Lafayette*, 42 Ind. 115; *Conklin* v. *The Town of Cambridge City*, 58 Ind. 130; *The City of Logansport* v. *Seybold*, 59 Ind. 225. Indeed, it is not made a ground for relief in the complaint. Nor did the facts, that the appellee had made preparation for constructing, and had intended to construct, a sidewalk, of his own motion, constitute any ground for relief, for this reason, if for no other, that it does not appear that the town council had any notice or knowledge of the facts.

The first ground relied upon in the complaint for arresting the execution of the contract with Fisher is, that he, the appellee, " ought not to be required to construct a sidewalk as aforesaid, for the reason that said defendant has

not established grade lines or set grade stakes, to guide in the proper construction of said walk, which plaintiff (appellee) thinks defendant (appellant) is in duty bound to do, before requiring him to construct sidewalks as aforesaid."

To what this allegation is intended to apply, is not easily determined from the complaint; whether to the ordinance of the 23d of April, 1875, requiring appellees to construct the sidewalk, or to the contract for its construction by Fisher, made on the 24th day of September, 1875, on the failure of appellee to construct, as required by the ordinance above mentioned. Are the allegations made as a justification of his refusal to obey that ordinance, or as showing illegality in the contract being executed by Fisher? Be it one or the other, or both, we think they make no case for an injunction upon the contract of Fisher.

The council of the town of Bluffton had, by her charter, ample powers in the matter of laying out, opening, grading and improving streets and sidewalks; and it was further provided therein, that "The council shall have power to make other by-laws, and ordinances not inconsistent with the laws of this State, and necessary to carry on the objects of the corporation, and to enforce the observance of all by-laws and ordinances," etc. Acts 1873, p. 31, sec. 8.

It is not denied in the complaint, that the council had acted under this power. That pleading does not purport to show all the legislation of the council on the subject of streets and sidewalks. The presumption is in favor of the existence of all such legislation by the council as was necessary to justify its action. *Kalbrier* v. *Leonard*, 34 Ind. 497.

Such action is not negatived in the complaint. Now, suppose there was an ordinance existing, defining the width of the sidewalk, the material of which it should be con-

structed, accompanied by a profile of grade lines, cuts and fills, and containing a provision that the corporation engineer, or other proper officer, at the request of any proprietor or contractor so to do, should set grade stakes and mark the lines, would not such fact be a complete answer to all the grounds of complaint alleged? Besides, it is not averred, that appellee ever informed the council that he was ready to proceed with the work, and desired grade stakes set, etc.

The only remaining ground upon which it was sought to annul, in effect, the contract of the town with Fisher, was, that there was no necessity for any sidewalk, other than that which the proprietor, appellee, was intending to construct.

This is no reason why the town should be compelled to rescind a contract made in good faith with Fisher, in a matter in which the town had jurisdiction, and the right to act in her discretion, thereby, perhaps, subjecting some one to the payment of damages. As we have seen, the town had no notice of the intention of appellee to construct a sidewalk.

The contract with Fisher is not shown to be invalid, nor the action of the council to have been illegal or oppressive, nor that it will occasion great damage to the appellee.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.