The Pittsburgh, Cincinnati and St. Louis R. W. Co. v. Brown.

The Pittsburgh, Cincinnati and St. Louis R. W. Co. v. Brown.

RAILROAD.—*Police Regulation.*—*Nuisance.*—*Constitutional Law.*—Section 1 of the act of March 29th, 1879, Acts 1879, p. 173, provides, in substance, that it shall be the duty of all railroad companies, operating in this State, to have attached to every locomotive engine a proper whistle, and that such whistle " shall, when such engine approaches the crossing of any turnpike or other public highway in this State, and when such engine is not less than eighty, nor more than one hundred rods from such crossing," be sounded " continuously, from the time of sounding such whistle until such engine shall have fully passed such crossing." It further provides that it shall not be so construed as to interfere with any city ordinance which has been or may be passed, regulating the management or running of such engine or railroad within the limits of such city.

*Held,* that this statute is a police regulation, clearly within the scope of legislative authority, and is constitutional and valid.

*Held,* also, that the Legislature may, when deemed necessary for the public good, permit or require that to be done which would, on common-law principles and without the statute, be deemed a nuisance.

*Held,* also, that, where a law is unconstitutional, the courts will hold it void but upon no other ground can it be disregarded.

From the Lake Circuit Court.

*N. O. Ross*, for appellant.

*J. W. Youch*, for appellee.

WORDEN, C. J.—The appellant seemed to have been causing the whistles of its engines to be sounded in accordance with the act of March 29th, 1879, Acts 1879, p. 173 ; whereupon the appellee commenced this action, in the court below, to enjoin it from so doing, on the ground that so much whistling constituted a nuisance. Such proceedings were had as that final judgment was rendered in favor of the plaintiff, perpetually enjoining the defendant from sounding its whistles except to give one or more short, full and distinct sounds when approaching a highway crossing, and except such whistling as may be necessary and customary in signalling for breaks, switches, side tracks or danger.

The appellant has properly preserved the questions involved, and has appealed to this court.

The appellant, we infer, though it is not so stated in the brief, would be willing to submit to and obey the injunction, if it would be any defence to prosecutions for failing to comply with the requirements of the statute mentioned. But, as the judgment can be operative only between the parties to it, the appellant we infer, in order to avoid liability to attachment on the one hand, or to prosecution for failing to comply with the statute on the other, has appealed.

The 1st section of the statute cited is as follows :

" *Be it enacted*," etc., " That it shall be the duty of all railroad companies, operating in this State, to have attached to each and every locomotive engine a whistle, such as is now in use or may be hereafter used by all well managed railroad companies, and the engineers or other persons in charge of, or operating such engine upon the line of any such railroad, shall, when such engine ap-

proaches the crossing of any turnpike or other public highway in this State, and when such engine is not less than eighty, nor more than one hundred rods from such crossing, sound the whistle on such engine attached thereto, continuously, from the time of sounding such whistle until such engine shall have fully passed such crossing: *Provided,* That nothing herein shall be so construed as to interfere with any ordinance that has been, or may hereafter be passed by any city in this State regulating the management or running of such engine or railroad within the limits of such city."

The residue of the statute provides penalties and liabilities for failure to comply with the requirements of the section above set out.

If this statute is valid, there was no ground for the injunction. The appellant could not be legally enjoined from doing that which the Legislature by a valid enactment required to be done.

We have no brief for the appellee, and are therefore not advised, further than may be gathered from the brief of the appellant, upon what ground the statute was held void by the court below.

Viewed merely as an impingement upon the chartered rights of railroad companies, the statute is clearly valid.

It is a police regulation clearly within the scope of legislative authority. It was designed, doubtless, to make the operation of railroads more safe, not only to persons upon the trains, but to persons passing upon highways crossed by railroads. It was designed, in short, to protect human life. It was quite as much within the power of the Legislature as the act requiring railroad companies to pay for stock killed upon their roads, the same not being fenced; or the act requiring trains to come to a full stop before crossing the track of other railroads. These are police regulations, in the language of Judge REDFIELD,

" of the importance or necessity of which the Legislature must be the judge." 2 Redf. Railways, 461.

But it may be said that the constant whistling required by the act is a nuisance. To this it may be successfully answered, that the Legislature may, when deemed necessary for the public good, permit or require that to be done which would, on common-law principles and without the statute, be deemed a nuisance. Indeed, the operation of railroads might, in many instances, without legislative sanction, be, in itself, a nuisance; as in running through one's farm and frightening stock, in running near highways and frightening teams upon the road, or in running through populous towns or cities. But, having legislative sanction, such operation is not a legal nuisance. " That which would otherwise be a nuisance, if done under the authority of law for the public good, is justifiable." 2 Redf. Railways, 408.

It can not be doubted that the Legislature had the power to require railroad companies to sound their whistles upon approaching highway crossings. This would be so clearly a regulation for the public good, intended to prevent collisions and the sacrifice of human life, that we suppose the legislative power to enact such law could hardly be called in question.

It is equally clear that the Legislature must be the exclusive judge as to the distance from the crossing at which the whistle should be sounded, and as to the necessity of a continuous sounding until the crossing is passed.

The necessity and propriety of the enactment in question were exclusively for the Legislature, and not for the courts, to pass upon. If the law is unconstitutional, the courts should hold it void, but upon no other ground can it be disregarded. See *Welling* v. *Merrill*, 52 Ind. 350.

The law in question is not unconstitutional, and the judgment below must be reversed.

The judgment below is reversed, with costs.