No. 8139.

## SIMS *v.* THE CITY OF FRANKFORT ET AL.

CITY.—*Streets.—Lot Owner.—Prescription.—Injunction.—Complaint.—Answer.*—In an action for injunction, by a lot owner against a city, where the complaint alleged that plaintiff's lot had been improved with reference to the recognized line of the street as laid out and used for more than twenty years, and while the municipal officers stood by and saw such improvement made without objection, and that the city was about to sever from the side of the lot a strip of ground claimed as a part of the street, without an assessment and tender of damages, an answer that an ordinance to improve the street was duly passed, notice given, proposals

Sims *v.* The City of Frankfort *et al.*

received and a contract made for grading and gravelling the street, and that, upon a survey by the proper officer, the strip of ground appeared to be a part of the street properly dedicated to the public use and platted in the original plat, was sufficient on demurrer.

| 79 | 446 |
|----|-----|
| 153 | 538 |
| 79 | 446 |
| 161 | 500 |
| 162 | 500 |
| 79 | 446 |
| 166 | 370 |

ADVERSE POSSESSION.—*Title.—Fee.*—The title acquired by adverse possession is a fee.

SAME.—*Street.—Permissive Possession.—Prescription.*—Mere permissive possession of a part of a street for the statutory period of limitation will not confer title. There can be no permanent rightful possession of a public street.

ESTOPPEL.—Where both parties meet upon equal terms and possess the same opportunities of knowledge, and there is neither a false statement nor a fraudulent concealment, there can be no equitable estoppel.

SAME.—*Pleading.—Intendment.*—Where an estoppel is relied upon, it must be pleaded with particularity and precision; nothing can be supplied by intendment.

PLEADING.—*Bad Answer.—Demurrer Overruled.—General Denial.*—Where a demurrer is overruled to a bad answer, the court holds that to be a bar which is not a defence, and the fact that the general denial is also pleaded does not render the ruling immaterial.

INJUNCTION.—*Adequate Remedy by Appeal.*—An injunction will not be granted where the party seeking it has a plain and adequate remedy by appeal.

SAME.—*Performance or Non-Performance of Contract.*—Parties can not, in an injunction suit, litigate a question as to the performance or non-performance of a contract.

STATUTE OF LIMITATIONS.—*Municipal Corporations.—Public Rights.*—Municipal corporations, as respects public rights, are not within the ordinary limitation statutes.

STREETS.—*Licensee.—Surrender.*—A municipal corporation can not surrender the public streets to a mere licensee, nor can it, by failing to improve a part of a street, abandon the right to the part not improved.

SAME.—*Councilman.—Ordinance.*—The consent of a councilman can not affect the force of an ordinance directing the improvement of a street, enacted by the municipal legislature, or give a right to fix the lines of a street and complete an unfinished contract.

SAME.—*Presumption.—Damages.*—The presumption is that a street was legally laid out and opened, and that property owners damaged thereby claimed and received compensation.

From the Clinton Circuit Court.

*L. McClurg, J. V. Kent* and *J. N. Sims,* for appellant.

*A. E. Paige, O. E. Brumbaugh, S. O. Bayless* and —— *Hines,* for appellees.

ELLIOTT, C. J.—Exhibited in an abridged form, the material allegations of the appellant's complaint are these: Appellant is the owner in fee of a lot, bounded on the west by Jackson street, in the city of Frankfort, as said street has been laid out and used by the city and its predecessor, the town of Frankfort, for more than twenty years; that the line of his lot has been known and recognized, as it is indicated by his fence, for more than twenty years; that under an order of the proper municipal authorities, and by a license from them, appellant has constructed a sidewalk along the line of his property on Jackson street; that his lot was improved with reference to the recognized line of the street, by the erection of a valuable fence; that the municipal officers stood by and saw such improvement made without objection; that the city is about to sever from the east side of the appellant's property a strip of ground thirty inches in width, claiming that it is part of Jackson street; and that no damages have ever been assessed or tendered. An injunction is prayed.

The second paragraph of the defendant's answer is in substance, as follows: That an ordinance was duly passed for the improvement of Jackson street; that due notice was given, proposals received for grading and gravelling the street, and a contract entered into; that upon a survey by the proper officer, it was ascertained that the strip of ground on the east end of the lot owned by appellant is a part of the street, "and," to use the language of the pleader, "is properly dedicated and platted as a part of said street as dedicated to the public use in the original plat."

A demurrer addressed to this answer by the appellant was overruled, and of this ruling complaint is here made.

It may be true, that the defence interposed by this answer could have been given in evidence under the general denial pleaded by the appellees; for it is the rule declared by statute, that, in actions to quiet title to, or to recover the possession of, real estate, all defences, legal or equitable, may be given in evidence under the general denial. Whether this rule does or

does not apply to the present case, we need not stop to inquire. If it were conceded that it does, still the appellees had a right to plead specially, and take the judgment of the court on their answer. *Abdil* v. *Abdil*, 33 Ind. 460. If their special answer is bad, then the appellant has a just right to complain of a ruling declaring it to be good. There is a plain distinction between overruling a demurrer to an answer and sustaining it in cases where the defence is available under the general denial. In case the demurrer is sustained, the defendant is not injured, for the denial secures him all that the special plea could do; but where a demurrer is overruled to a bad answer, it is otherwise, for in such a case the court holds that to be a bar which is not a defence. *Over* v. *Shannon*, 75 Ind. 352. The fact, that the general denial was pleaded, does not render the ruling upon appellant's demurrer immaterial. It is important, therefore, to ascertain and determine whether the answer under immediate mention is or is not sufficient.

If the adverse possession claimed by the appellant gave him a title to the strip of ground in dispute, then the answer must be held bad. A title acquired by possession is a fee. Professor Washburn says: "It should be clearly understood that the title thereby acquired is, and must be, if anything, a fee." 2 Washb. Real Prop. 49; 2 Hill. Real. Prop. 160. The appellant, if he acquired any title at all to the strip claimed by him, acquired the highest and most perfect title known to the law. There can, therefore, be no fair debate as to the nature of his title, if once it be granted that any title at all was acquired by him.

The real question is, did appellant acquire title by adverse possession to the strip of ground here the subject of controversy? In support of his contention that possession vested title, his counsel refer us to the cases of *Bauman* v. *Grubbs,* 26 Ind. 419; *Hargis* v. *The Inhabitants, etc.,* 29 Ind. 70; *Cartright* v. *Briggs,* 41 Ind. 184. The cases first cited declare that color of title is not essential to give validity to a title

acquired by twenty years adverse possession. The last of the cases mentioned decides, what the statute expressly enacts, that the statute of limitation will run against the State. If the appellees were claiming a right to property other than that of a public nature, such as is a right in a public highway, these cases would be strongly in point and probably decisive of the case. But the municipal corporation is endeavoring to make good the rights of the public in a highway, part of which has been long in public use, pursuant to a valid dedication. Reference is also made to the case of *Brooks* v. *Riding*, 46 Ind. 15. As we read that case it is hostile rather than friendly to the appellant's contention. The argument of counsel in the case cited was precisely the same as that here made, but the court refused to sanction it. Many cases are examined, and it is held that mere permissive possession of a part of a street will not confer title. The doctrine asserted by Judge Dillon is approved. The following quotation is made from his work on Municipal Corporations : "As respects property not held for public use, or upon public trusts, and as respects contracts and rights of a private nature, there is no reason why such corporations should not fall within limitation statutes, and be affected by them. For example, in an action on contract or for tort, a municipal corporation may plead or have pleaded against it the statute of limitations. But such a corporation does not own and can not alien public streets or places, and no laches on its part or on that of its officers can defeat the right of the public thereto ; yet there may grow up, in consequence, private rights of more persuasive force in the particular case than those of the public. It will, perhaps, be found, that cases will arise of such a character that justice requires that an equitable estoppel shall be asserted even against the public, but if so, such cases will form a law unto themselves, and do not fall within the legal operation of limitation enactments. The author can not assent to the doctrine that, as respects public rights, municipal corporations are within ordinary limitation statutes." The author quoted, in the last

edition of his work, has fortified his text by the citation of many additional cases, among others the case of *Brooks* v. *Riding*. Dill. Mun. ·Corp., 3d ed., section 675. It would be strange, as Judge Dillon suggests, if a municipal corporation having no right to divest the rights of the public, might by mere permissive neglect invest an intruder with title to a public highway. The danger likely to result from permitting public rights to be lost by the failure of the municipal authorities to guard the public interests, is strikingly shown by Mr. Justice SERGEANT in *Commonwealth* v. *Alburger*, 1 Whart. (Pa.) 469. In the course of his discussion this learned judge said : "Individuals may reasonably be held to a limited period to enforce' their right against adverse occupants, because they have interest sufficient to make them vigilant. But in public rights of property, each individual feels but a slight interest, and rather tolerates even a manifest encroachment, than seeks a dispute to set it right." We find in our own reports a case strongly against the appellant. *Indianapolis, etc., R. R. Co.* v. *Ross,* 47 Ind. 25, where it is held that a railway company can not acquire title to a public street by possession.

Starting from a somewhat different point, we shall find settled rules which will lead us to the conclusion that a title to a public street can not be acquired by possession for the statutory period. There can be no permanent rightful private possession of a public street. The obstruction of a public street is a nuisance, and as such is punishable by indictment. *The State* v. *Berdetta,* 73 Ind. 185.

No man can acquire a right to maintain a public nuisance by prescription. Each day's continuance of a nuisance may be an indictable offence. *People* v. *Cunningham,* 1 Denio, 524 ; *Commonwealth* v. *Upton,* 6 Gray, 473 ; *Taylor* v. *The People,* 6 Park. Cr. Rep. 347 ; *The Queen* v. *Brewster,* 8 Up. Can. C. P. 208 ; *Rhodes* v. *Whitehead,* 27 Tex. 304 ; *Cross* v. *Mayor of Morristown,* 18 N. J. Eq. 305. In *Ellis* v. *The State,* 7 Blackf. 534, a different doctrine is declared. This case is not only in conflict with the great weight of the decisions of other

courts, but is also in irreconcilable conflict with the later case of *The State* v. *Phipps*, 4 Ind. 515, and must be regarded as overruled by it. In the case last named, it was said : "That such an obstruction of a public highway is a common nuisance there can be no question. 1 Hawk. P. C.—4 Blacks. Com. 167.—*The State* v. *Miskimmons*, 2 Ind. 440. * * * Nor would even a prescription from a twenty years' continuance of the nuisance be of any avail to him." The appellant, in placing upon the public street a permanent obstruction, was, in contemplation of law, guilty of a public offence, and can not claim to have secured rights by violation of law. It is evident that the appellant did not intend to take any part of the public street, and that he acted in good faith, but upon a mistake as to his rights. While this is true, it is equally true that the trustees of the public did not surrender, nor mean to surrender, any public rights. Indeed, they could not have surrendered such rights had they expressly undertaken to do so.

It may well be doubted whether the statute of limitations applies to the State in its sovereign capacity. It may well be held that the limitation is not applicable to the exercise of the attributes of sovereignty. It often happens that the State deals as a citizen in selling property or making contracts, and when it so acts the statute clearly applies. *Gray* v. *The State, ex rel.*, 72 Ind. 567. But where sovereign rights incapable of surrender or alienation are concerned, it may be seriously questioned whether the statute limits or restrains. Upon the question, however, we give no opinion.

The complaint does not state such facts as estop the city of Frankfort from asserting a claim to the part of the street within appellant's enclosure. It has long been the settled law, that where an estoppel is relied upon, it must be pleaded with particularity and precision. *Robbins* v. *Magee,* 76 Ind. 381. Nothing can be supplied by intendment. We can not, therefore, adopt appellant's theory that the facts pleaded may by intendment conclude the appellees.

There are many reasons why the facts alleged in the com-

plaint can not be held to work an estoppel. It appears that both parties had at least equal opportunities of knowledge. The facts were as fully known to the appellant and his grantor as to the municipality. There was not ignorance on one part and knowledge on the other; there was certainly knowledge on the part of the appellant. The recorded plat was to him constructive knowledge of the limits of the street. So, too, were the boundaries of his own lot. There could not, in such a case, be a reliance upon the acts of the municipal authorities. Where both parties meet upon equal terms, and possess the same opportunities of knowledge, and there is neither a false statement nor a fraudulent concealment, there can be no equitable estoppel.

It does not appear that the lines of the street were fixed by the corporation. The allegations of the complaint are, that "the plaintiff has, in obedience to an ordinance of said town of Frankfort, and by its license and authority, laid down and constructed and improved a sidewalk on Jackson street, in front of his property, and adjusted the improvement of his front yard thereto, consisting of a valuable picket ornamental fence and yard gate, of the value of about $35, and also a brick paved walk leading from his front hall door to said gate and steps in said gateway, leading onto said street." The meaning to be ascribed to these statements is, that appellant himself laid out the line of the pavement. He avers that he constructed the pavement under the license and authority of the corporation, and this can not be held to mean that lines and distances were fixed and adjusted by the corporate authorities. The meaning we have affixed to the statements of the complaint is the only one it would bear if the most liberal rules of construction were adopted, and all doubts resolved in appellant's favor. When the complaint is measured by the strict rules which prevail in all cases where an estoppel is relied upon, it is very plain that no presumption in appellant's favor can be indulged, which will warrant the conclusion that he was misled to his prejudice by lines fixed by the municipality. Acting under leave and license is very far from acting under orders or directions.

The question whether there can in any case be an equitable estoppel by the mere passive inaction of the municipal officers is a very doubtful one. We need not here discuss or decide it. The acts done by the appellant are not of a character entitling him to successfully assert that there is an estoppel. If he did act under the license of the municipal authorities and is injured to the extent of the value of his improvements, he can not be entitled to anything more than to compensation for his loss, if indeed to that. He can not by such an improvement as that shown in his complaint acquire title to a public street. It is said by a recent author: "An injunction will not be allowed to prevent the authorities of a city from exercising their control over the opening or widening of public streets or highways, or from interfering therewith at the suit of one whose only right is based on twenty years adverse user and possession, and in the absence of other equities. * * Nor will equity interpose to prevent the commission of alleged torts or trespasses which consist simply in such acts as are incident to the widening of a street and the removal of a portion of a sidewalk under proper authority, but will leave the parties to such redress as is afforded by the ordinary legal tribunals." 1 High Injunctions, sec. 588. Whatever may be the rule where it appears that great expenditures have been made and acts done for which compensation can not be fully made, it is plain that where there has been a small expenditure of money for which full compensation can readily be made, title can not be acquired in a public highway by estoppel. But back of this lies the fundamental doctrine, that the municipal corporation has no power to sell or barter away the public streets, and of course no right to surrender them to a mere licensee. What it can not alien for a full consideration it can not bestow as a mere gratuity. *Pettis* v. *Johnson*, 56 Ind. 139 ; *Kreigh* v. *City of Chicago*, 86 Ill. 407.

The fee in the street does not vest in the municipal corporation, but it does take a right to the street as the trustee of the public, of which it can not be divested except by the para-

mount law. The corporation can not extinguish the public use in the streets. 2 Dill. Munic. Corp., section 650. Under our law a street can not be vacated upon petition unless two thirds of the property owners consent. *Spiegel* v. *Gansberg,* 44 Ind. 418. It is held in other States, that the municipal authorities can not vacate a public street without the consent of the Legislature of the State. *Polack* v. *S. F. Orphan Asylum,* 48 Cal. 490. Equity will restrain the unauthorized alienation of streets. *Attorney General* v. *Goderich,* 5 Grant Ch. (Can.) 402; *Guelph* v. *Canada Co.,* 4 Grant Ch. 632; *Barclay* v. *Howell,* 6 Pet. 498; *Bell* v. *Foutch,* 21 Iowa, 119. The corporators, and the inhabitants of the municipality are the corporators, have no right to act upon the belief that the officers representing the corporation can by express deed, or permissive acquiescence, surrender public rights. In such cases as the one at bar the law prohibits the acquisition of title against the public, and of this no citizen, much less a corporator, can aver ignorance.

We are not called upon to decide whether the appellant is entitled to maintain his action upon the ground that an established grade was changed without tendering compensation. The complaint does not show that any grade was ever established by the corporate authorities. It can not be presumed from the fact that the street was used and travelled, that a grade had been established. If the appellant relied upon a change of grade as entitling him to an injunction, it was for him to allege facts showing that a grade had been once fixed by the corporation. All acts are presumed to be rightfully done until the contrary appears. This presumption is very frequently applied to the acts of the officers of municipal corporations. It was not necessary that the answer should allege that the officers had not been guilty of a wrong.

The third paragraph of appellant's reply alleges that " the grade mentioned and described in the second paragraph of the answer, as surveyed by the city engineer, involves ten feet, the full width of the grade and improvement specified in the ordinance, east and outside of the plaintiff's premises." This

does not avoid the answer. If, as the answer explicitly avers, the strip in controversy was within the limits of Jackson street, appellant could not acquire title, because the ordinance did not provide for the improvement of the full width of the street. A municipal corporation, by failing to require the improvement of part of a street, does not abandon the right to the part not improved. If, on the other hand, the strip will not fall within the limits of the public street, the appellant can not be injured by the enactment and execution of the ordinance, for he does not show by his pleading that the corporation asserts a right to anything more than the street.

The fourth paragraph of the reply alleges that appellant has held adverse possession for more than twenty years. The question presented upon the ruling sustaining appellee's demurrer to this paragraph has been disposed of in discussing the sufficiency of the second paragraph of the answer.

The first paragraph of a supplemental complaint alleges that the contractor failed to perform his contract and had abandoned it; that he left the work in an unfinished condition; that appellant obtained the consent of one of the common councilmen of the city to himself complete the work, and that he did complete it at his own expense. There are many reasons why this supplemental complaint is bad.

A contractor restrained by an injunction can not be adjudged to be in default at the demand of the person who obtained the injunction. The appellant himself secured the order which stopped the work, and he can hardly be considered to be in a situation to avail himself of the effect of an order which the contractor dare not disobey.

Whether the contractor had or had not performed his contract, is not a question to be tried in a suit for injunction. Injunctions are not issued for the purpose of enabling parties to litigate a question as to the performance or non-performance of a contract.

Injunctions do not issue where there is another plain and adequate ordinary remedy. In cases like that attempted to

be made by the supplemental complaint, the remedy is by appeal. It is expressly provided that the property owners may appeal from the order granting a precept, and where there is such a remedy expressly provided by statute, injunction will not lie. *Marshall* v. *Gill,* 77 Ind. 402; *Hume* v. *Little Flat Rock, etc., Co.,* 72 Ind. 499.

The consent of one councilman can not affect the force of an ordinance directing the improvement of a street, enacted by the municipal legislature. An individual member of the council has no right to make a contract which will bind the corporation. The allegation in the supplemental complaint, that the appellant obtained the consent of one of the councilmen, gave him no right to fix the lines of the street and complete the contract.

The court made a special finding of facts, in which nearly all of the material questions are found against the appellant. The case upon the finding is nothing like as strong in appellant's favor as that presented by the complaint and the second paragraph of the answer. The appellant insists that, as the finding does not show that the street covered the strip in controversy, it must be deemed to be against the appellees. We think it does show this. If it did not, the appellant would not be entitled to judgment. The burden is upon him to show that he owned the strip of ground claimed. He must recover upon the strength of his own title. It is well settled, that, where the special finding is silent upon a material point, it is to be deemed to be adverse to the party who has the burden of proof. In this instance the appellant has the burden, and the finding is to be regarded as adverse to him.

It was not incumbent upon the city to prove that the street was originally dedicated or laid out according to law. In *Kalbrier* v. *Leonard,* 34 Ind. 497, it was said: "We must presume that the street was legally laid out and opened, and that if the appellee was damaged thereby, and claimed compensation, he received it."

Judgment affirmed.