The State v. The Louisville, New Albany and Chicago Railway Company.

———————————◆———————————

No. 10,498.

THE STATE v. THE LOUISVILLE, NEW ALBANY AND
CHICAGO RAILWAY COMPANY.

CRIMINAL LAW.—Nuisance.—Railroad.—Town.—Indictment against a railroad company for a nuisance by obstructing the streets and public square of a town by its tracks, switches and buildings, and by the manner of their use. Special plea, that the defendant had lawfully acquired the right to use the locus in quo for the purposes of a railroad, and that in the use of its tracks, switches and buildings, it creates only such temporary obstructions as result from the reasonable and necessary transaction of its railroad business.

Held, that the plea was good on demurrer.

NUISANCE.—Prescription.—A right to maintain a nuisance can not be acquired by prescription.

The State v. The Louisville, New Albany and Chicago Railway Company.

SAME.—*Obstruction of Streets.*—An unauthorized and illegal obstruction of the public ways of a town or city is a public nuisance.

SAME.—*Railroad.*—A railroad in the streets of a city is not of itself a nuisance, but an improper and unreasonable exercise of a right to use a street by a railroad company may become a nuisance.

From the Lawrence Circuit Court.

*F. T. Hord,* Attorney General, *H. C. Duncan,* Prosecuting Attorney, and *W. H. Martin,* for the State.

*G. W. Friedley* and *E. D. Pearson,* for appellee.

ELLIOTT, J.—The indictment preferred against the appellee charges an obstruction of the public streets of the town of Bedford, and the public square therein, by railroad tracks and switches, and by a brick building used as a station, and by the manner in which the tracks, switches and station were used. The appellee answered by a special plea, wherein it alleged that it had acquired the right to a line of turnpike road, projected by the State under the general system of internal improvements, under the act of 1836; that under the act allowing private corporations to take possession of such roads as were abandoned by the State, and under the act incorporating the appellee, title was acquired by it for the purposes of a railroad; that upon the request of the citizens of the county of Lawrence, and town of Bedford, it located its road, laid its tracks, and built its station in the places designated in the indictment; that the commissioners of the county submitted the question of granting the right to the streets and public square to the voters of the county, and that seven-eighths of all the voters, and three-fourths of the taxpayers, voted in favor of granting the right asked; that the value of the right was appraised at $500, which was paid to the commissioners, and a deed was executed by the county, conveying the right sought by the appellee; that Bedford was not an incorporated town at the time the appellee acquired title, but was incorporated in 1860, and has since levied and collected taxes upon all the tracks and switches, as well as the station building, of the company. The answer states facts showing the manner in which

the streets and the public square are used, and alleges that there has been no more than a mere temporary obstruction of the streets at times, and no more sounding of whistles or ringing of bells than the law requires; that nothing more is done than is reasonably necessary for the transaction of railway business. We have given only a brief outline of the answer, to which the State unsuccessfully demurred.

Under the present statute a corporation may be indicted for maintaining a public nuisance. R. S. 1881, section 1897.

This statute applies to nuisances erected prior to its adoption, if afterwards maintained, and this for two reasons: Every continuance of a nuisance is a fresh nuisance; no vested right can grow out of the commission of an indictable offence.

The railroad company could not acquire by prescription a right to maintain a nuisance. *State* v. *Phipps*, 4 Ind. 515; *Miller* v. *Stowman*, 26 Ind. 143; *Pettis* v. *Johnson*, 56 Ind. 139; *Sims* v. *City of Frankfort*, 79 Ind. 446; *Commonwealth* v. *Upton*, 6 Gray, 473; *Queen* v. *Brewster*, 8 Up. Can. C. P. 208.

An unauthorized and illegal obstruction of the public ways of a town or city is a public nuisance. *State* v. *Berdetta*, 73 Ind. 185; S. C., 38 Am. R. 117.

If, in this case, the acts of the appellee were unauthorized and illegal, then the obstruction of the public streets and public square constituted a public nuisance, for which an indictment will lie; but, according to the admitted allegations of the answer, the possession and use for railway purposes of the streets and square was under authority of the Legislature, and what the Legislature authorizes can not be deemed a public nuisance. *Pittsburgh, etc., R. W. Co.* v. *Brown*, 67 Ind. 45 (33 Am. R. 73).

A railroad in the streets of a city is not in itself a nuisance, and it can not be inferred from the occupancy of the streets for that purpose that a nuisance is created. *New Albany, etc., R. R. Co.* v. *O'Daily*, 12 Ind. 551; 2 Dillon Mun. Corp., section 701, *et seq.*

It is admitted by the counsel for the State that the answer

shows a right to use the public places named in the indictment for railroad purposes; but it is contended that this does not give a right to maintain switches and side tracks, or to improperly operate the road. We quote from their brief: "Again, all that part of defendant's answer in which is recited the various acts of the Legislature by which its title and right to build a railroad to any point in the State of Indiana, constitute no part of a defence to this indictment. That right is not disputed, nor is it sought to interfere with it." From this it appears that the right to use the public places for railway purposes is conceded, and the only question, therefore, is as to the mode of the use and the manner in which the right to use are exercised.

It follows from the general principles which we have stated, that the railway company could not, and did not, acquire a right by prescription to maintain a public nuisance; but it also follows that the right to use the streets having, as is here conceded, been granted by law, such a use, in itself, can not become an indictable offence. It further follows that, although the railroad company may have a right to use the public places specified, it has no right to unreasonably or unnecessarily obstruct them, for an improper and unreasonable exercise of a right to use a street may become a nuisance. *State* v. *Berdetta, supra.*

The doing of a lawful act in an illegal and wrongful manner may cause the thing done to be treated as a public nuisance. This doctrine is illustrated by the many cases which hold that a business strictly lawful in itself may be so conducted as to become an indictable offence. *Owen* v. *Phillips,* 73 Ind. 284. A railroad company having a right to use the streets may unquestionably be subject to indictment if it so abuses its rights and privileges as to unnecessarily or unreasonably encumber or obstruct the streets.

It is not to be supposed, however, that because the necessary, careful and reasonable use of the streets inflicts some temporary inconvenience, or in some measure obstructs the

free use of the streets, an indictment will lie.    As long as the railroad company uses proper care, and makes reasonable efforts to so conduct its business as to cause no unnecessary obstruction, it can not be deemed the author of a nuisance. While it has no right to unnecessarily obstruct the streets, it has a right to use them, in a reasonable manner, for the necessary transaction of its business.

It is a rudimental doctrine that the grant of a principal power confers, by implication, all such powers· as are necessary to effectuate the principal grant; and, therefore, in granting land for the purposes of a station for receiving and discharging freight and passengers, and the use of streets for that purpose, the grantor, whether the public or an individual, impliedly confers all such incidental rights as are necessary to carry into effect the main grant.    If, then, the appellee did not unreasonably or unnecessarily obstruct the public streets, and did no more than make a reasonable and proper use of the right acquired under the grant from the State and the county, it can not be held to have created or maintained a public nuisance.

The facts stated in the answer very fully show that the appellee has not unreasonably or unnecessarily obstructed the public ways, but that it has used care to prevent doing so, and has done no more than make a fair and reasonable use of the rights vested in it by the laws of the State and the admitted grant of the county.

Judgment affirmed.