[No. 3,482.]

## MARY POLACK *v.* THE TRUSTEES OF THE SAN FRANCISCO ORPHAN ASYLUM.

Power of Legislature over Streets.---The Legislature has power to vacate a street in a city; and it may delegate such power to the municipal authorities of a city, and after such power has been delegated to

the municipal authorities, the Legislature may revoke it in part, as well as in whole, or without any express revocation, may itself exercise it.

IDEM.—The municipal authorities of a city cannot vacate a street without the consent of the Legislature.

IDEM.—The Legislature may vacate a portion of a street, even if a person owns property fronting on another portion of the street which will incidentally be injured thereby.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Market street is a wide street leading through the city of San Francisco, over which there is a large amount of travel, and Waller street extends from Market street in a westerly direction towards the Pacific ocean. The plaintiff owned lots on each side of Waller street, a short distance from Market street; and between Market street and the plaintiff's lots, the defendant owned two blocks of land, through which Waller street passed. The plaintiff recovered judgment and the defendant appealed.

The other facts are stated in the opinion.

*W. H. L. Barnes* and *Jackson Temple,* for the Appellant, cited *San Francisco* v. *Canavan,* 42 Cal. 541; *Payne* v. *Treadwell,* 16 Cal. 233; *People* v. *Ferguson,* 36 Cal. 595; *Smith* v. *Boston,* 7 Cushing, 254; *Castle* v. *Berkshire,* 11 Gray, 26, and *Radcliffe* v. *The Mayor, etc.,* 4 N. Y. 195.

*E. L. B. Brooks,* for the Respondent, argued that the plaintiff, by his ownership of the lots, had acquired a vested right to have Waller street kept open; and cited *Sherman* v. *Buick,* 32 Cal. 241, and also argued that the closing of the street was a nuisance, and cited section twenty-four of the Practice Act, which defines a nuisance. He also cited *Breed* v. *Cunningham,* 2 Cal. 361; *People* v. *Beaubien,* 2 Douglas, 256; *McConnell* v. *The Trustees of the Town of Lexington,* 12 Wheaton, 582, and *City of Cincinnati* v. *White,* 6 Peters, 431.

By the Court, RHODES, J.:

In 1865, the Board of Supervisors of the City and County

of San Francisco passed a resolution "that the Protestant. Orphan Asylum Society have the use of Waller street, between Laguna and Buchanan streets, and that the same remain closed during the pleasure of this Board." On the 23d of January, 1866, an Act was passed by which the Board of Supervisors were authorized to close up Waller street, between Laguna and Buchanan streets, and dedicate the same to the use of the Protestant Orphan Asylum (Stats. 1865-5, p. 37). A further Act was passed March 5, 1868 (Stats. 1867-8, p. 95), the first section of which is as follows: "The block of land in the City and County of San Francisco, bounded by Kate street, Buchanan street, Laguna street, and Haight street, and every part thereof, is confirmed to the free use of its present occupants, to wit: the Protestant Orphan Asylum of the City and County of San Francisco; and no street shall be opened through any part of said block of land without the consent of said Asylum." The block of land therein described includes that portion of Waller street which lies between Laguna and Buchanan streets. The defendant inclosed the whole block, thereby closing up the portion of Waller street above mentioned. The plaintiff owns several blocks and lots of land fronting on Waller street, and the defendant's inclosure prevents her from passing from Market street continuously along Waller street to her property. The purpose of this action is to cause the defendant to remove its fences, etc., from Waller street, claiming that they constitute a nuisance. The answer sets up the above mentioned resolution and statutes, and the demurrer thereto was sustained.

That the Legislature possesses competent power to vacate a street in a city; that the Legislature may delegate or commit such power to the municipal authorities of the city; that its exercise by the municipal authorities is dependent on the will and subject to the control of the Legislature; and that after such power has thus been committed to the municipal authorities, the Legislature may revoke it in part as well as in whole, or, without an express revocation, may itself exercise it in any particular instance, are propositions about which there can be no controversy in this State. The

plenary power of the Legislature over the whole domain of streets, is well illustrated by the decisions of this Court, in the litigation respecting Kearny, Second and Beale Streets, in the city of San Francisco.

The only remaining question involving the validity of the statutes presented in this case—and in our opinion it does not amount to a serious question—is whether it is a condition to the exercise by the Legislature of its power to vacate a portion of a street, that no person owning property fronting on another portion of the street, will incidentally be injured by such action. There is no provision of the Constitution which imposes that condition or limitation on the exercise of such power, and no principle of law is suggested which will lead to that result.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the answer. Remittitur forthwith.

Mr. Justice McKINSTRY concurred specially in the judgment.

Mr. Chief Justice WALLACE did not express an opinion.