108  460
111  565
112  564
108  460
133  680

[No. 15326.   In Bank.—August 6, 1895.]

CITY AND COUNTY OF SAN FRANCISCO, RE-
SPONDENT, *v.* E. W. BURR ET AL., APPELLANTS.

LAGUNA SURVEY IN SAN FRANCISCO—DEDICATION OF STREET—DELINEA-
TION UPON MAP—ALCALDE GRANTS—PUBLIC USER.—The delineation
upon the map of the Laguna survey in San Francisco of a space cor-
responding to a street, with numbered lots on each side thereof, created
the easement of a right of way in favor of the grantees' lots abutting
thereon, and indicated an intention on the part of the town to dedicate
the space as a highway.

ID.—SURRENDER OF EASEMENT—ABANDONMENT OF HIGHWAY.—The gran-
tees of the lots may lose or surrender the easement created for them,
and the public can also abandon or discontinue a highway after its dedi-
cation has become complete.

ID.—POWER OF LEGISLATURE — REVOCATION OF STREET. — A street when
dedicated becomes the property of the whole state, which by its legisla-
ture can deal with or dispose of it at its pleasure, and may revoke it in
part or in whole.

ID.—CHANGE OF STREETS—VAN NESS ORDINANCE—ADOPTION OF VAN NESS
MAP—CESSATION OF HIGHWAY.—The adoption of the Van Ness map by
the Van Ness ordinance of the city of San Francisco, and its confirma-
tion by the legislature, caused the streets delineated thereon to become
open public highways, and where such map shows the change of a street
from the space delineated upon the map formerly kept in the alcalde's
office, known as the Laguna survey, the space designated upon the map
of that survey ceased to be a public highway.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   J. C. B. HEBBARD,
Judge.

The facts are stated in the opinion of the court.

*J. C. Bates,* for Appellants.

*Harry T. Creswell,* for Respondent.

HARRISON, J.—In 1847, Leavenworth, as alcalde of
San Francisco, granted twenty-six one hundred vara
lots in that portion of the pueblo which is called the
Laguna survey.   These lots were granted by reference

to a map kept in the alcalde's office, on which they were designated by numbers. Upon this map there is delineated a space corresponding to a street, upon one side of which are located lots 4, 7, 9, and 21, and on the other side of which are located lots 3, 6, 12, and 22. The territory thus surveyed and mapped is situated west of Larkin street, and was disconnected with the other portion of the then town of San Francisco, and the open space between the two rows of lots aforenamed was not a prolongation of any of the streets then existing, nor did it intersect or connect with any of those streets. The present action is brought to have this space declared to be an open, public street.

This delineation upon the map created the easement of a right of way in favor of the grantees' lots abutting thereon, and indicated an intention on the part of the town to dedicate the space as a highway, and a subsequent user thereof would have been regarded as an acceptance by the public sufficient to complete the dedication. The grantees of the lots might, however, lose or surrender the easement created for them, and the public could also abandon or discontinue the highway after its dedication had been complete. The street when dedicated became the property of the whole state, which by its legislature could deal with or dispose of it at its pleasure. "That the legislature possesses competent power to vacate a street in a city; that the legislature may delegate or commit such power to the municipal authorities of the city; that its exercise by the municipal authorities is dependent on the will and subject to the control of the legislature; and that after such power has thus been committed to the municipal authorities the legislature may revoke it in part, as well as in whole, or, without an express revocation, may itself exercise it in any particular instance, are propositions about which there can be no controversy in this state. The plenary power of the legislature over the whole domain of streets is well illustrated by the decisions of

this court in the litigation respecting Kearny, Second, and Beale streets in the city of San Francisco." (*Polack* v. *San Francisco Orphan Asylum*, 48 Cal. 492.)

The Van Ness ordinance, which was passed in 1855, provided for a plan for the location and dimensions of streets to be laid out within the city limits west of Larkin street and southwest of Johnston (now Ninth) street, and, in pursuance of these provisions, the plan or map known as the Van Ness map was prepared, and by ordinance, October 16, 1856, "declared to be the plan of the city in respect to the location and establishment of streets and avenues, and the reservations of squares and lots for public purposes, in that portion of the then incorporated limits of said city lying west of Larkin and southwest of Johnston streets." This ordinance was ratified and confirmed by an act of the legislature, approved March 11, 1858 (Stats. 1858, p. 52), and the streets delineated upon the Van Ness map became thereby open, public highways. (*Sawyer* v. *San Francisco*, 50 Cal. 370.) The space that had been delineated as a street upon the map of the Laguna survey does not appear upon this map, but in lieu thereof there are other streets forming continuations of streets then existing, and running at a different angle with Larkin street. In *Brook* v. *Horton*, 68 Cal. 555, it was held that certain streets that had been dedicated as public highways by the adoption of the Van Ness map were superseded by streets that were laid out on the city engineer's map, which was prepared under the acts of 1862 and 1864 (Stats. 1862, p. 407; Stats. 1863–64, p. 460), that the effect of the delineation of the streets upon the engineer's map under the provisions of these statutes was to discontinue and abandon the former streets. Under the principles of that case it must be held that by the adoption of the Van Ness map, and its confirmation by the legislature, the above-described space upon the Laguna survey map ceased to be a public high-

way.   (See, also, *Seaman* v. *Hicks,* 8 Paige, 65;  *Common-
wealth* v. *Boston etc. R. R. Co.,* 150 Mass. 176.)
    The judgment is reversed.

McFARLAND, J., BEATTY J., VAN FLEET, J., and HEN-
SHAW, J., concurred.