[Sac. No. 24.   Department One.—May 8, 1896.]

## HARVEY S. BLOOD, RESPONDENT, v. R. T. Mc-CARTY, APPELLANT.

TOLLS ON PUBLIC ROADS—POWER OF SUPERVISORS—CONSTITUTIONAL LAW — CONTROL OF COUNTY PROPERTY BY INDIVIDUALS. — The legislature has power over the highways of the state, and may authorize the supervisors of a county to license individuals to take tolls on a public highway as compensation for keeping it in repair; and the County Government Act conferring such power upon the supervisors, whenever in their judgment the expense of keeping the road in operation is too great for the county to maintain, does not conflict with section 13 of article XI of the constitution, forbidding the legislature to delegate to any private parties control over any county improvement or property.

ID.—NATURE OF TOLL ROADS—RIGHTS OF PUBLIC.—All toll roads are public highways, the property in which pertains to the state; and the state may allow tolls for compensation for keeping a road in repair as well as for building a road, and it is immaterial that the result may be to take away a previous right in the public to pass toll free.

ID.—CASE DISTINGUISHED.—The case of Blood v. Woods, 95 Cal. 78, distinguished.

APPEAL from a judgment of the Superior Court of Calaveras County.   C. V. GOTTSCHALK, Judge.

The facts are stated in the opinion.

*Nicol & Orr*, for Appellant.

The act of 1893 authorizing boards of supervisors to grant franchises to collect tolls on the free public roads is

void, because it is an attempt to delegate to an individual a power to control, appropriate, supervise, and interfere with county improvements and property. (*Blood* v. *Woods,* 95 Cal. 85; *El Dorado County* v. *Davison,* 30 Cal. 521; Const., art. XI, sec. 13; *Waterloo etc. Co.* v. *Cole,* 51 Cal. 384; *San Francisco* v. *Spring Valley Water Works,* 48 Cal. 494.)

*Reddick & Solinsky,* and *Garber, Boalt & Bishop,* for Respondent.

The state has, in its sovereign capacity, original and plenary authority and control, through its legislature, over all public highways, including city streets, and can vacate them at pleasure, or delegate such power of vacation to municipalities or other appropriate local authorities. (*Polack* v. *San Francisco etc. Asylum,* 48 Cal. 490; *San Francisco* v. *Spring Valley Water Works,* 48 Cal. 493; *Hoadley* v. *San Francisco,* 50 Cal. 265, 274; *Brook* v. *Horton,* 68 Cal. 554; *Thomason* v. *Ruggles,* 69 Cal. 465; *People* v. *Marin County,* 103 Cal. 223, 232; *El Dorado County* v. *Davison,* 30 Cal. 520; *People* v. *Horsley,* 65 Cal. 381; *Blood* v. *Woods,* 95 Cal. 85; *Philadelphia etc. R. R. Co's case,* 6 Whart. 25; 36 Am. Dec. 202; *Wellington's case,* 16 Pick. 87; 26 Am. Dec. 631, 641, and note; *Paul* v. *Carver,* 24 Pa. St. 207; 64 Am. Dec. 649, 650; Elliott on Roads and Streets, 661.) And the legislatures not only possess, but can delegate to counties, municipalities, etc., ample power to convert free public roads into toll roads. (Elliott on Roads and Streets, 55; Angell on Highways, 2d ed., sec. 8; *Carter* v. *Clark,* 89 Ind. 238, 239; *State* v. *Hampton,* 2 N. H. 22; *Wright* v. *Carter,* 27 N. J. L. 76; *Benedict* v. *Goit,* 3 Barb. 459; *Nolensville etc. Co.* v. *Baker,* 4 Humph. 315; *Panton etc. Co.* v. *Bishop,* 11 Vt. 198, and cases cited; *Attorney General* v. *Detroit etc. R. Co.,* 2 Mich. 138; *Ireland* v. *Oswego etc. Co.,* 13 N. Y. 526; *Chagrin etc. P. R. Co.* v. *Cane,* 2 Ohio St. 419; *Callison* v. *Hedrick,* 15 Gratt. 244; *State* v. *Hampton, supra.*) A legal toll road is a public highway differing from other such high-

ways only in the mode of their maintenance.   (*People* v. *Davidson,* 79 Cal. 166; *Blood* v. *Woods, supra;* Pol. Code, sec. 2619; *McMullin* v. *Leitch,* 83 Cal. 239.)   The act of 1893 is not void.   The power conferred by it has nothing to do with "county improvements and property," as a public road is not a county improvement or property, the state holding them for public use subject to legislative control.   (*People* v. *Marin County, supra; Philadelphia etc. R. R. Co's case, supra; Hoadley* v. *San Francisco, supra; Thomason* v. *Ruggles, supra.*)

BRITT, C.—The County Government Act, as revised in 1893, provides that the county board of supervisors have jurisdiction and power to grant licenses and franchises for taking tolls on public roads or highways "whenever, in their judgment, the expenses necessary to operate or maintain such public roads or highways as free public highways is too great to justify the county in so operating or maintaining them"; the licensee being required to keep the road in reasonable repair.   (Stats. 1893, p. 359.)   The controlling question in this case is whether such provision conflicts with the constitution of the state.

The board of supervisors of Calaveras county, acting professedly under said statute, on July 3, 1893, passed an ordinance granting to the plaintiff, Blood, license to take tolls at rates prescribed in the ordinance for the term of one year on a certain public highway in said county known as the "Big Tree and Carson Valley Toll Road," the expense necessary to maintain said public road as a free public highway being, in the judgment of the board, too great to justify the county in so maintaining it.   Blood took possession of the road, and assumed the right to collect the tolls thereon fixed by the terms of the ordinance.   Defendant drove a flock of three thousand sheep over the road, and refused to pay the tolls demanded for their passage; plaintiff thereupon brought this action, and recovered judgment for the amount demanded—thirty dollars—in the court below

The power of the legislature over the highways of the state is adequate to secure their establishment, main-tenance, and discontinuance, and this power may be exercised through the instrumentality of subordinate bodies, such as the county board of supervisors (*Pol-ack* v. *San Francisco Orphan Asylum*, 48 Cal. 490; *Brook* v. *Horton*, 68 Cal. 558); the legislature being thus ordi-narily competent (as said recently in the case of a street, *San Francisco* v. *Burr*, 108 Cal. 460) to deal with or dispose of a highway at its pleasure, defendant has the *onus* of showing some provision of the organic law which is contravened by the statute; for that purpose he cites section 13, article XI, of the constitution, by which the legislature is forbidden to delegate to any special commission, private corporation, company, as-sociation, or individual, power to control any county, city, town, or municipal improvement or property; his contention being, as we understand it, that the stat-ute assailed permits the grant to an individual of the power to control "county improvements and property." Among several objections to this view which occur to us we need specify only that the argument, if good for any-thing, proves too much; for all toll roads are still public highways, the property in which pertains to the state (*People* v. *Davidson*, 79 Cal. 166; *Kellett* v. *Clayton*, 99 Cal. 212); and the result of defendant's proposition would be to forbid the establishment of toll roads alto-gether because of the assumed interference by the holder of the franchise with public property. The court said in *Wood* v. *Truckee Turnpike Co.*, 24 Cal. 474, that all the interest the turnpike company had in its road arose from the right and power to collect tolls as a compensation for building a public road for the public good. If the legislature may allow the taking of tolls as compensation for building a road, it seems necessarily to follow that it may allow a like franchise as compen-sation for keeping it in repair—which is the purport of the statute now under view; and such is the rule, al-though the result may be to take away a previous right

in the public to pass toll free. (*Panton Turnpike Co.* v. *Bishop*, 11 Vt. 198; see Cooley's Constitutional Limitations, 6th ed., 671; Elliott on Roads and Streets, 55, and the cases cited in those works.)

Defendant claims that the case is ruled by *Blood* v. *Woods*, 95 Cal. 78, where it was held that the board of supervisors of a county has no authority to grant a franchise to collect tolls upon a free public road. But that case went upon the ground that no such authority had been delegated to the board; it was decided before the passage of the act of 1893, which, we may suppose, was enacted with *Blood* v. *Woods*, *supra*, in view, and for the purpose of conferring the power there held to be wanting; the case has no bearing on the present question except to show what the law was before that statute.

The judgment should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.