[No. 6012. Decided March 22, 1906.]

JAMES HENRY et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

PUBLIC LANDS—HIGHWAYS ACROSS TIDE LANDS—LEGISLATURE— POWER TO VACATE STREETS. The legislature has the power to vacate streets platted across the tide lands the fee of which was still in the state, where no private rights had intervened; and the approval of a plat made by the tide land commissioner which conflicts with former plats by upland owners necessarily vacates the former plat and all streets in conflict with the latter plat.

SAME—CANCELLATION OF CONTRACTS—STREET PROJECTIONS. Laws 1897, p. 30, authorizing the vacation of tide land contracts covering legally established street projections has no application to a con- tract made subsequently to the legal vacation of such streets.

SAME—ESTOPPEL TO QUESTION VACATED PLAT. The purchaser of tide lands according to the latest plat thereof legally existing at the time of the purchase is not estopped to dispute a former plat of the same lands which was vacated by the approval of the latter plat.

Appeal from a judgment of the superior court for King county, Frater, J., entered July 14, 1905, upon findings in favor of the plaintiffs, after a trial on the merits, in an action to quiet title. Affirmed.

[1]Reported in 85 Pac. 24.

*Scott Calhoun* and *O. B. Thorgrimson,* for appellant.
*Metcalfe & Jurey,* for respondents.

MOUNT, C. J.—Plaintiffs brought this action to remove a cloud from the title to certain lots in the city of Seattle. The question in the case was whether or not a certain street, known as "Hill" street, extended across the plaintiffs' lots. The trial court found that it did not, and entered a decree accordingly. The city appeals.

The facts are as follows: The lots in question are tide land lots in block 243, of the Seattle Tide Lands, as platted by the board of tide land appraisers under the act of March 26, 1890 (Laws 1889-90, p. 431). In the year 1870 one T. I. McKenny platted into streets, lots, and blocks, what is known as "Central Seattle," which comprised a tract of land lying east of Elliott bay, and extending up to the line of ordinary high tide, on the east shore of Elliott bay. One of the streets in this addition was known as "Hill" street, which extended east and west through the said addition. From the date of the plat to the present time, Hill street has been, and now is, one of the upland streets of said city. On February 28, 1884, during territorial days, the owners of the upland adjoining the tide lands of Elliott bay, platted into streets, lots, and blocks, the tide lands lying immediately to the west of their upland possessions, and in such plat extended Hill street, as laid out in the plat of Central Seattle, in a direct line west over and across the tide lands. This plat was designated and known as "City Front Addition." All the streets, lots and blocks in this addition were covered with water.

In 1895 the local board of tide land appraisers, appointed under the act of 1890, examined, certified and platted all of the Seattle tide lands into streets, lots and blocks, designating the same as "Plat of Seattle Tide Lands." Thereafter, on March 26, 1895, the plat so made, and the acts of the said board in reference thereto, were ratified by the state legislature. Laws 1895, p. 527. §§ 54. 64. The plat made by the

board of tide land appraisers in 1895 covered the greater part of the tide lands formerly platted, as stated above, under the name of City Front Addition. A street running northerly and southerly near the shore line was designated as "Seattle boulevard." The streets, lots and blocks to the east of this boulevard were not changed in the new plat, but the lands lying to the west of this boulevard were entirely replatted without reference to the old plat. So that the .streets on the plat of City Front Addition lying to the east of Seattle boluevard extended only to said boulevard, while to the west an entire new plat was made. The blocks were platted much larger, and the streets much wider, so that the streets running east and west on the east side of Seattle boulevard did not coincide with the streets on the opposite side. All the streets in this plat were water streets, existing only on paper.

Block 243, Plat of Seattle Tide Lands, in which respondents' lots are located, lies on the west side of Seattle boulevard. Before the Seattle tide land plat was made, Hill street, as platted by City Front Addition, extended across this block and covered a part of the land now owned by respondents. In 1895, after the Plat of Seattle Tide Lands, the Seattle Transfer Company applied to the state to purchase the lots in question, according to the Plat of Seattle Tide Lands, and in January, 1897, a contract was entered into by the state with the Transfer Company, and in 1901 a deed was issued therefor. Respondents by mesne conveyances, have acquired the title.

In 1896, the city of Seattle applied to the board of state land commissioners to change the Plat of Seattle Tide Lands, so as to make an extension on Hill street and other streets one block further west, which would extend said street across block 243, Seattle Tide Lands, where appellant maintains that it now is. The board of state land commissioners refused to act upon this petition, and thereupon an action in mandamus was brought to compel them to do so. The action was dismissed, and an appeal was taken to this court, and

the judgment of the lower court was affirmed. *Seattle v. Forrest,* 14 Wash. 423, 44 Pac. 883. In 1897, after the contract had been entered into between the state and the Seattle Transfer Company, who purchased the lots in question, the legislature passed an act directing the board of state land commissioners to cancel all deeds and contracts covering tide land lots which were legally established street projections and extensions, where such streets or extensions had not been duly vacated, and authorized a refunding of the money paid on such contracts. Laws 1897, p. 30. Thereafter on June 18, 1897, without notice to any one, the board of state land commissioners entered an order on their minutes cancelling certain contracts, and among them, the contract for the lots now owned by respondents; but no money was ever refunded, and subsequently a deed was issued by the state therefor.

During all the time up to the time of the filing of the plat by the board of tide land appraisers in 1895, the fee of the tide lands was in the state. There was no adverse claim against this fee. Assuming that the plat made and filed by the upland owners in 1884 was authorized by law then in force, still the state, by its constituted authorities, had power to abandon or vacate the plat and the streets and blocks theretofore made, and make another plat, if it saw fit to do so; especially where private rights had not intervened, and were not interfered with. The rule is thus stated by Mr. Dillon, in his work on Municipal Corporations, vol. 2 (4th ed.), at § 666:

"The plenary power of the legislature over streets and highways is such that it may, in the absence of special constitutional restriction, vacate or discontinue the public easement in them, or invest municipal corporations with this authority."

To the same effect, see, §§ 651 and 651a, same volume; Elliott, Roads and Streets (2d ed.), § 857; 27 Am. & Eng. Ency. Law (2d ed.), p. 113; *San Francisco v. Burr,* 108 Cal. 460, 41 Pac. 482; *Brook v. Horton,* 68 Cal. 554, 10 Pac. 204.

In the case of *San Francisco v. Burr, supra,* the court said, quoting from *Polack v. San Francisco Orphan Asylum,* 48 Cal. 490:

"That the legislature possesses competent power to vacate a street in a city; that the legislature may delegate or commit such power to the municipal authorities of the city; that its exercise by the municipal authorities is dependent on the will and subject to the control of the legislature; and that after such power has thus been committed to the municipal authorities, the legislature may revoke it in part, as well as in whole, or, without any express revocation, may itself exercise it in any particular instance, are propositions about which there can be no controversy in this state. The plenary power of the legislature over the whole domain of streets, is well illustrated by the decisions of this court in the litigation respecting Kearny, Second and Beale streets, in the city of San Francisco.'

There are no constitutional restrictions upon the legislature in regard to the vacation of streets in cities in this state. Its power is therefore supreme. When the last plat was made and filed and approved by the legislature of the state, which had full authority over its own lands, such plat necessarily vacated the former plat, including all streets and lots and blocks which were in conflict with the latter plat. Otherwise there would be two conflicting plats existing upon the same land at the same time, which would lead to utter confusion. For this reason it follows conclusively that the legislature intended by the approval of the second plat to vacate the former plat, in so far as the latter plat covered ground occupied by the former. *Brook v. Horton, supra.* The only legal streets to the west of Seattle Boulevard are the streets as designated on the Plat of Seattle Tide Lands. Hill street, therefore, terminates at the east line of Seattle boulevard, and does not extend across respondents' lots. The act of 1897, purporting to authorize the cancellation of contracts for tide land lots which were street projections or extensions, had no application to the respondents' lots, because that part of Hill street which had

formerly extended over the lots had been legally vacated long prior to the passage of that act.

Appellant argues that respondents are estopped to say that Hill street does not extend across their lots on the west side of Seattle boulevard, because their grantors were permitted to purchase the said lots by reason of having purchased lots in City Front Addition on the east side of said boulevard, and several cases are cited from this court to the effect that, where one purchases lots according to a certain plat, he is bound by this plat. If this rule is applicable to this case at all, it is favorable to respondents, because respondents did not, nor did their predecessors in interest, purchase the lots in block 243, Seattle Tide Lands, as platted in City Front Addition. Those lots were purchased after City Front Addition to the west of Seattle boulevard had been vacated. That part of City Front Addition to the east of Seattle boulevard was adopted by the Plat of Seattle Tide Lands, and therefore became a part of Seattle Tide Lands. Respondents are not attempting to question the plats by which they purchased their lots, but are maintaining, and have a right to maintain, that they purchased according to the plat legally existing at the time of the purchase, and that prior plats had theretofore been vacated.

The judgment of the lower court is right, and is therefore affirmed.

ROOT, FULLERTON, HADLEY, CROW, and DUNBAR, JJ., concur.