[No. 8343.    *En Banc.*    February 18, 1910.]

E. S. COOK *et al., Appellants,* v. GUS HENSLER *et al., Respondents.*[1]

DEEDS—INTENT OF GRANTOR—EVIDENCE—ISSUES AND PROOF.    The plaintiff cannot complain of the admission of evidence of the intent of the grantor as to the lands sought to be conveyed by a deed, where the complaint did not rely upon the description, but ·tendered an issue as to the intent, which was met by the answer.

DEDICATION—TITLE—PUBLIC LANDS—TIDE LANDS—PLATS.    Where an upland owner's plat included abutting tide lands belonging to and afterwards platted by the state, the portion of the plat extending over the tide lands is void.

EVIDENCE — DEEDS — AMBIGUITY — INTENT — EXTRINSIC EVIDENCE. Where a deed granted blocks and lots designated in an upland plat which overlapped tide lands belonging to and afterwards platted by the state, there is a doubt or ambiguity in the deed as to the grantor's intent to include the tide land portion of the blocks and lots mentioned; since the upland plat was void as to such portions; and extrinsic evidence of the circumstances is admissible to show the intent.

DEEDS — CONSTRUCTION — LANDS CONVEYED — INTENT—EVIDENCE— SUFFICIENCY.    The evidence is sufficient to establish that a deed of certain blocks and lots in an upland plat, which overlapped tide lands belonging to the state at the time the plat was filed, was intended to convey only the upland portion of the overlapping blocks

[1]Reported in 107 Pac. 178.

and lots mentioned, which was the only legal portion of the plat
when filed, where it appears that the grantor had also acquired title
to the tide lands from the state, that the deed made no mention of
the overlapping tide lands as designated in the state tide land plat,
and excluded the grantor's other lots and blocks of the upland plat
which were wholly tide lands, that the tide land plat had been filed
nine years, and the grantor and grantee testified that it was the
intention to convey only the uplands.

RUDKIN, C. J., CHADWICK, and FULLERTON, JJ., dissenting.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered January 20, 1909, upon findings in favor of the defendants, after a trial on the merits, in an action to declare a trust and obtain a conveyance of real estate.   Affirmed.

*Roberts, Battle, Hulbert & Tennant* and *J. L. Corrigan,* for appellants.   Where a grantor undertakes to convey tide lands by warranty deed, and the state subsequently asserts its title, the grantee may maintain an action for breach of warranty.   *West Coast Mfg. & Inv. Co. v. West Coast Imp. Co.,* 25 Wash. 627, 66 Pac. 97, 62 L. R. A. 763; *Osborn v. Scottish American Co.,* 22 Wash. 83, 60 Pac. 49; *People's Savings Bank v. Lewis,* 27 Wash. 344, 79 Pac. 932.   A deed conveying property by reference to a plat, adopts the plat as a part of said deed, and the purchaser is thereunder bound by the boundaries of the lot as they appear in the plat.   *Kenyon v. Knipe,* 2 Wash. 422, 7 Pac. 854; *State ex rel. Battersby v. Board of Tide Land Appraisers,* 5 Wash. 425, 32 Pac. 97, 775; *Masterson v. Munro,* 105 Cal. 431, 38 Pac. 1106, 45 Am. St. 57; *Schwalm v. Beardsley,* 106 Va. 407, 56 S. E. 135; *East Coast Lumber Co. v. Ellis-Young Co.,* 50 Fla. 215, 39 South. 197; *Board of Park Com'rs v. Taylor,* 133 Iowa 453, 108 N. W. 927; 2 Devlin, Deeds, § 1020; *Brown v. Taber,* 103 Iowa 1, 72 N. W. 416.   Reference to a vacated plat or a void plat, is sufficient for the purpose of description.   *Chicago Lumber Co. v. Des Moines Driving Park,* 97 Iowa 25, 65 N. W. 1017; *Young v. Cosgrove,* 83

Iowa 682, 49 N. W. 1040. The deed is to be most strongly construed against the grantor. *Marshall v. Niles*, 8 Conn. 369; *Lake Erie etc. R. Co. v. Whitman*, 155 Ill. 514, 40 N. E. 1014, 46 Am. St. 355, 28 L. R. A. 612; 13 Cyc. 628. Evidence that the parties intended to convey premises different from those stated in the deed is inadmissible to control the deed. *Jones v. Johnson*, 57 U. S. 320; *Smith v. Dudley*, 1 Littell 66, 13 Am. Dec. 222; *Ames v. Hilton*, 70 Me. 36; *Clark v. Baird*, 9 N. Y. 183; *Murphy v. Copeland*, 58 Iowa 409, 10 N. W. 786, 43 Am. Rep. 118; *Segar v. Babcock*, 18 R. I. 203; 26 Atl. 257; 17 Cyc. 616, 617, 618, 619.

*Frank Quinby*, for respondents, contended, among other things, that the portion of the Nelson plat extending over the tide lands was a nullity. *Nauerth v. Duke* (Iowa), 79 N. W. 271; *Lake Superior Land Co. v. Emerson*, 38 Minn. 406, 38 N. W. 1200, 8 Am. St. 679; *Union Depot Street R. & Transfer Co. v. Brunswick*, 31 Minn. 297, 17 N. W. 626, 47 Am. Rep. 789; *Cleveland v. Choate*, 77 Cal. 73, 18 Pac. 875; *Kenyon v. Knipe*, 2 Wash. 422, 7 Pac. 854. The subsequent platting of the tide lands by the state vacated that part of the Nelson plat. *Henry v. Seattle*, 42 Wash. 420, 85 Pac. 24.

DUNBAR, J.—On or about the 13th day of January, 1890, one Noah Nelson, who was the owner in fee simple of certain uplands in Skagit county, Washington, platted said land as Nelson's addition to Anacortes, Washington, and extended his plat over certain tide lands of the first class situated in front of said uplands. The following map will show the situation of the lands involved:

The line a-b-c-d is the shore line as fixed by the tide land survey. The dotted lines show the outline of that part of Nelson's addition which was platted over tide water. On the 10th day of April, 1893, Nelson executed a mortgage upon lots E, F, G, and H, all of blocks 5 and 6, all of block 11, and all of block 12 except lots 19 and 20, to the Land Mortgage Bank of Northwestern America, Limited. This mortgage was subsequently foreclosed by the mortgagee, and a sheriff's deed was regularly issued to the said mortgagee, which deed was regularly recorded, said property being conveyed to the mortgagee by the same description as was contained in the mortgage.

Subsequently to the execution of the Nelson plat, the state board of land commissioners platted the first class tide lands situated in front of the city of Anacortes, and included certain portions of the land covered·by the Nelson plat as parts of tracts 22 and 23, of plat 10, of said Anacortes tide lands of the first class, which, as is shown by the map, includes portions of lots G and H, and blocks 5, 6 and 12 of the Nelson plat. On or about the 13th of April, 1894, Nelson,

exercising a preference right given him by the law, secured a certificate of sale from the commissioner of public lands, by the terms of which certificate tracts 22 and 23, together with other tide lands, were to be conveyed by a deed from the state of Washington to the said Nelson, on payment by him of the amount specified in said certificate of sale; that subsequently Nelson assigned to the Land Mortgage Bank all interest in said certificate of sale; that on the 11th day of March, 1901, the said Land Mortgage Bank conveyed to one R. R. Dewar by statutory warranty deed, the following described land: All of block 6 except lot 1, all of block 11, all of block 12 except lots 19 and 20, and lots G and H, all in Nelson's addition to the city of Anacortes, Skagit county, Washington; that thereafter, and on or about March 31, 1902, said Dewar and wife conveyed said property to E. S. Cook, one of the plaintiffs and appellants in this action, describing said property as follows: All of blocks 6 and 11, all of block 12 except lots 19 and 20, and lots G and H, said lots G and H being situated on the north side of 22d street, adjoining block 6 on the east, all in Nelson's addition to the city of Anacortes, Washington, according to the plat thereof on record in the auditor's office in and for Skagit county, Washington.

Subsequently the certificate of sale, which had been assigned to the Land Mortgage Bank by Nelson, was transferred by one Shorrock, the agent of the Land Mortgage Bank, to the defendant in this action, Gus Hensler. Some question is raised by the appellants as to the authority of Shorrock to make this transfer, but with the view we take of the other questions in the case, it is not necessary to discuss that one. Subsequently Hensler, by means of the written certificate of assignment, procured a deed from the state of Washington to tracts 22 and 23 of said tide lands, whereupon plaintiffs brought suit against Hensler and wife, praying for a decree adjudging that defendant Hensler held the title in such lands in trust for the use and benefit of the said plain-

tiffs, and that said Hensler be ordered to convey the legal
title to said lands to plaintiffs.

The court made findings of fact, and from such facts con-
cluded that the deed from the Land Mortgage Bank to Dewar
did not, as a matter of law, convey any of the tide lands
whatever, nor did the description of the real property therein
given designate more than the upland portion of the lots
and blocks therein mentioned, and that the Land Mortgage
Bank parted with none of its interest in any of the tide
lands lying in front of said upland property; and concluded
that, as the plaintiffs, in order to obtain the relief ap-
plied for, must rely upon the title of their grantor Dewar, and
that Dewar, not having received title to any of the tide lands,
could not convey the same to plaintiffs, the action was dis-
missed.

There are several assignments of error in this case based
on the findings of fact, but as we understand from the argu-
ment of the appellants the assignments are made upon the
theory that the court erred in its construction of the law,
and that the findings of fact were made with reference to
such alleged erroneous construction rather than upon any
facts stated or proven. It is also claimed that the court
erred in admitting extraneous testimony to determine the
intention of the parties as to what was conveyed by the deed.
The main question, as stated by the appellants, is to deter-
mine whether the rights of the plaintiffs claiming by warranty
deed from the dedicator Noah Nelson were affected in any
way by the subsequent platting of the tide land portion of the
said Nelson plat by the board of state land commissioners.
A great many cases are cited by the appellants to sustain
certain well-known principles of law, which may be conceded
for the purpose of this case, viz: That the general rule is
that reference to a plat or map in a deed of conveyance
makes it a part thereof; that if a party purchases a certain
numbered block of land according to the official map of the
city and his purchase is so described in the deed, a further

description of the block by metes and bounds or courses and distances would be subordinate to the description of the block by its number, and would have to give way in case of conflict; and that where a deed describes land as a lot laid out on and designated on a certain plat or survey, the plat becomes as much a part of the deed as if it were copied into it. It may also be said that it is the law that when a description employed by the parties to a deed is ambiguous or uncertain, or the language used leaves it doubtful as to what was the real intention of the parties, the deed must be most strongly construed against the grantor; that where lots are conveyed with express reference to a recorded plat, evidence to control or in any way affect the plat is inadmissible; that as a general proposition the deed must be held to be conclusive evidence as to what land is intended by the grantor to be conveyed, and the quantity of land, and likewise the conclusive evidence of his intention to include in or exclude from the instrument particular land. These are all propositions which are universally conceded to be the law, but we think they have no application to this case.

First, as to the objection to the admission of testimony of Dewar as to the intention of the grantor or grantee when the deed was made from the bank company to Dewar. The complaint in this action is not brought exclusively upon the theory that the appellants were relying upon the description in the complaint, but it states in paragraph 5 that it was the intention of the seller to sell, and of the purchaser to buy, all of the land within the above named description, whether the same was upland or tide land. This was a tender of an issue of intention which was met by the answer, and the appellants are not now in a position to question the introduction of testimony which was put in evidence under issues raised by the pleadings.

On the other proposition, it may be said that, while ambiguities in the description will alone justify a recourse to evidence extraneous to the deed, yet the ambiguity is not

necessarily confined to the description of metes and bounds, or monuments, or what is generally understood as descriptions. But it may consist, as we think it does in this case, in a doubt as to whether the plat referred to was the plat as it originally existed or as afterwards restricted, a determination of which question is absolutely necessary to a correct interpretation of the deed and an ascertainment of the intention of the parties. While it is no doubt true that the words of the covenant are the primary source from which this intention is to be drawn, because they are the symbols agreed upon by the parties to denote their purpose and are generally the best and surest guide to its discovery, it must be borne in mind that, in the construction of a deed as in the construction of any other contract, the real point is, What was the intention of the parties? As was said in *Whallon v. Kauffman*, 19 Johns. 97:

"The cardinal point is, what was the intention of the parties, as derived from the deed itself? When that is discovered, it ought to be carried into effect if it can be done consistently with the rules of law. If the words and provisions are doubtful, they are to be taken more strongly against the grantor. If they are susceptible of different constructions, the court may take into consideration, the circumstances attending the transaction, the particular situation of the parties, and the state of the thing granted at the time of making the grant, for the purpose of ascertaining the probable intent."

Finding, then, that there is an ambiguity and doubt as to whether the plat referred to was the plat as it originally existed or as afterwards restricted, we will look at the circumstances of the case and the testimony adduced, not for the purpose of disputing the deed, but for the sole purpose of explaining it and of arriving at the real intent of the parties. There were two plats which covered this land in controversy at the time of the transfer, the old Nelson plat and the state plat, but that portion of the old Nelson plat which extended over the tide lands had been rendered void and of no effect

whatever by the action of the state in platting the tide lands. *Henry v. Seattle*, 42 Wash. 420, 85 Pac. 24. So that the only plat of these tide lands legally existing at the time of the purchase of Dewar was the state plat and, as was said in the case above referred to, the purchaser has a right to maintain that he purchased according to the plat legally existing at the time he purchased, and that was the testimony of both parties to the deed. The legal portion of Nelson's plat at the time of the sale covered only the uplands, and it is a more reasonable presumption that the mention in the deed of Nelson's plat had reference to a legal plat than to one which was not then in existence and, as a matter of fact, never had a legal existence, for Nelson had no title to the tide lands at the time he made the dedication. It is fundamental that title is essential to the dedicator of land, and the description should be interpreted with reference to conditions as they existed at the time of making the deed. If it had been the intention to convey the tide lands or to convey all the lands which the bank company had received from Nelson, by foreclosure proceedings and by assignment of tide land certificates, the natural thing to do would have been, after describing the uplands, to add certain portions of tracts 22 and 23, which would have placed the description beyond any question.

Again, in aid of the construction contended for by respondents, there was no attempt here by description to convey the same land that had been mortgaged to the bank, or to treat the description of said land in the way it had been treated when it was deeded to them. The mortgage given by Nelson to the Land Mortgage Bank was upon all of blocks 5 and 6, all of block 11, all of block 12 except lots 19 and 20, and lots E, F, G, and H, lying between blocks 5 and 6; and the sheriff's deed in foreclosure covered the same property. But the deed of the bank to Mr. Dewar, under whom the appellants here must recover if they recover at all in this action, did not undertake to convey block 5 at all, or

lots E and F, and these are the lots and block only that are altogether or principally covered by tide water, block 5 being all tide land excepting a very small and inconsiderable portion in the southwest corner of said block, and lots E and F being practically all in the tide lands; showing, it seems to us, that the grantor had in mind the exclusion of the tide lands from the deed, and the conveyance only of the uplands.

As bearing somewhat on a technical construction of these two deeds, it may be noted that the deed from the Land Mortgage Bank to Dewar does not describe the property as so many lots and blocks in Nelson's addition to the city of Anacortes, according to a plat thereof on record, or any plat, but simply as being said lots and blocks in Nelson's addition to the city of Anacortes; so that there is really no plat referred to in that deed, although the plat is referred to in the deed from Dewar to Nelson.

Taking the circumstances surrounding this transaction into consideration, the fact that the state plat had covered these lands for nine years before the transfer, and the material difference in the description of the land in the two different deeds, it seems to us that the conclusion is inevitable that it was the intention of the Land Mortgage Bank to convey nothing to Dewar but the uplands, and that when the deed referred to Nelson's plat, it referred to a legal plat that was then in existence. This view is strengthened by the oral testimony in the case which, notwithstanding some trivial contradictions in the oral testimony and written letters of the witness Dewar, is, as a whole, overwhelmingly in favor of respondents' contention.

The judgment of the lower court will be affirmed.

CROW, PARKER, MOUNT, MORRIS, and GOSE, JJ., concur.

RUDKIN, C. J., CHADWICK, and FULLERTON, JJ., dissent.