[No. 17041–4–I.   Division One.   March 18, 1987.]

HARVEY G. THOMPSON, ET AL, *Respondents,* v. EDGAR W. SCHLITTENHART, ET AL, *Appellants.*

*John C. Hoover,* for appellants.

*Robert Sandwick,* for respondents.

WILLIAMS, J.—Harvey and Dorothy Thompson brought this action against their neighbors, Edgar and Dorothy Schlittenhart, for damages for trespass and to quiet title to two strips of land along the boundary between the parties' properties. The trial court heard testimony and entered findings of fact, conclusions of law and a judgment that a survey performed by William Baumgras set out the true boundary.

The facts are that prior to 1936, both properties were owned by Elmer and Jane Conger. In May 1936, they conveyed what is now the Schlittenhart property to Lulu Conger and, in September 1936, what is now the Thompson property to V. J. Wade. The description in the Lulu Conger deed begins at a point some 1,400 feet southeast of the Congers' property, describes all of the Congers' property and then excepts out a parcel from the southeast corner. The description of this exception begins at the southeast corner of the Congers' property. The description in the V. J. Wade deed begins at the same point as the Lulu Conger deed and does not coincide exactly with the description of the exception in the Lulu Conger deed. Consequently, the boundary line between the properties was not the same in both deeds.

In 1953, the Thompsons purchased their property. At that time, a barbed wire fence on the north and west of their property marked what the Thompsons thought was the boundary between the properties. In 1969, the Thompsons built a chain link fence inward from the barbed wire fence some 12 feet on the west and 4 feet on the north. The barbed wire fence was then taken down, but the Thompsons continued to mow the grass up to the barbed wire fence line. In 1971, the Schlittenharts purchased their

property.

In 1979, the City of Auburn widened the street on the east of both properties. The Thompsons had their property surveyed by William Baumgras, who concluded that the true boundary of the Thompsons' property was approximately along the barbed wire fence line. Baumgras first determined that the Thompsons' deed did not establish the true boundary because it did not close and the courses were incomplete and inconsistent. In particular, he could not determine whether the southeast corner of the Thompsons' property was on the county road or just slightly west of it. He then examined the deeds of the surrounding properties, the conveyances of the Thompsons' predecessors in interest, an unrecorded plat referred to in the Thompsons' deed, monuments on the ground and county road maps to determine the intent of the initial common grantors, the Congers.

The Schlittenharts did not agree with Baumgras's survey so, in 1980, they had the Thompsons' property surveyed by Robert McKiddy. McKiddy examined much the same information and used the same procedure as Baumgras did, but determined that the county road to the east of both properties was 60 feet wide rather than 40 feet wide and used the calls exactly as they were found in the Thompsons' deed. McKiddy's survey placed the boundary 15 feet south and 5 feet east of where Baumgras's survey placed it. Because his survey would make the southern boundary of the Thompsons' and Schlittenharts' properties not a straight line, McKiddy did not believe that his survey reflected the intent of the Congers, but saw his duty as faithfully following the description in the Thompsons' deed. In 1980, the Thompsons brought this action.

The first issue is whether the trial court may determine a boundary to property on the basis of a survey which conforms to the grantors' intent but does not conform precisely to the description in the deed. Although the construction of a deed is a matter of law for the court, *Thomas v. Nelson*, 35 Wn. App. 868, 871, 670 P.2d 682 (1983), the

court's purpose is to ascertain the parties' intent, *Cook v. Hensler*, 57 Wash. 392, 399, 107 P. 178 (1910), which is a factual matter, *Roeder Co. v. Burlington Northern, Inc.*, 105 Wn.2d 269, 276, 714 P.2d 1170 (1986). In determining a boundary, the fundamental question is what was the grantor's intent. *Erickson v. Wick*, 22 Wn. App. 433, 436, 591 P.2d 804 (1979). That intent is to be gathered from the language of the deed if possible, but when necessary by resort to the circumstances surrounding the entire transaction. *Hirt v. Entus*, 37 Wn.2d 418, 428, 224 P.2d 620 (1950). Where a boundary is uncertain, it may be established by the best evidence available. *Ghione v. State*, 26 Wn.2d 635, 652, 175 P.2d 955 (1946). That evidence may include other deeds made as part of substantially one transaction, *Standring v. Mooney*, 14 Wn.2d 220, 227, 127 P.2d 401 (1942), or a recorded plat referred to in a subsequent deed, *Cook*, at 399–400. Where the evidence conflicts as to the validity of a monument used to begin the original survey, the trial court, as finder of fact, may determine a boundary based on a modern survey. *Sparks v. Douglas Cy.*, 39 Wn. App. 714, 722, 695 P.2d 588 (1985).

The trial court found, and the evidence shows, that the boundary was uncertain because the deeds are not congruent and the Thompson deed is defective. In such a case, ascertaining the common grantors' intent was necessary. The trial court's determination that Baumgras's survey more closely followed the Congers' intent than did McKiddy's survey is supported by the evidence.

■ The second issue is whether the Schlittenharts established their ownership of the disputed parcel by adverse possession. One of the elements of a claim of adverse possession is that the possession be exclusive. *Chaplin v. Sanders*, 100 Wn.2d 853, 857, 676 P.2d 431 (1984). The trial court's findings that both parties used this area, and thus the Schlittenharts' use was not exclusive, is supported by substantial evidence.

The third issue is whether the Thompsons established their ownership of the disputed parcel by adverse posses-

sion. The trial court essentially concluded that the Thompsons are the record owners of this parcel. A person cannot adversely possess his own property.

The Schlittenharts raise several other issues on appeal which were not raised at trial. These issues will not be considered. RAP 2.5(a).

The judgment is affirmed.

RINGOLD, A.C.J., and COLEMAN, J., concur.

Review denied by Supreme Court June 2, 1987.